PRESIDENT, DIRECTORS AND COMPANY OF THE BAY STATE BANK *vs.* JOHN KILEY.

A written notice to quit, addressed by a tenant at will to the agent of the landlord in his own name, is sufficient, if given to and received by him as such agent.

An objection that a notice to quit is served too late is not waived by not being stated until the trial.

ACTION OF CONTRACT to recover the rent of a shop in Lawrence for one month, from May 31st to June 30th 1856.

At the trial in the court of common pleas in Essex at December term 1858, before *Perkins, J.*, the plaintiffs introduced evidence of a tenancy at will at a monthly rent of twenty five dollars, commencing by actual occupation on the 15th of November 1855. No occupation was shown during the time sued for

The defendant relied upon a previous termination of the tenancy by notice ; and offered evidence that on the 1st of May

1856 the following notice was handed to Nathaniel White, the plaintiffs' cashier:

"Lawrence, May 1st, 1856.

"Messrs. White & Kimball. Gentlemen: I hereby give you notice that it is my intention to quit the house and appurtenances which I now hold of you, situate No. 2, Lawrence Street, in said Lawrence, at the expiration of one month from this date.
"John Kiley, Tenant."

The plaintiffs objected that this was not notice to them. But as it appeared that there had been negotiations between the parties for a lease of the shop, and that a lease had been drawn up and signed by White, in behalf of the plaintiffs, the judge instructed the jury that if White was the agent of the plaintiffs, for the purpose of receiving such a notice, and received and understood it as such agent, this objection could not be sustained.

It appeared that when this notice was handed to White, it was read to him, and he replied that he should hold the defendant on the lease; but that he made no objection to the form of the notice before this suit was brought. The plaintiffs objected that the notice was inoperative, because it did not expire on a rent day; and the judge ruled that if the monthly term began on the first day of the month, it would end on the last, and so the notice would be bad upon its face, and would be good only in case the jury should find that the term began on the second day of the month.

The defendant relied, as evidence of a waiver of this defect, on the plaintiffs' knowledge through White of the contents of the notice, White's remark that he would hold the defendant on the lease, the indorsement and subsequent treatment of the notice by the plaintiffs, and the absence of any intimation at any time of any defect in form.

The plaintiffs requested the judge to rule that there was no sufficient evidence of a waiver. But the judge submitted that question to a jury, with instructions "that, in order to constitute a waiver there must have been an agreement or understanding between the parties, that the notice in question should be treated as terminating on the last day of the month, (if the jury found

that the term began on the first day of each month,) and as hav‑ ing been given in season and otherwise good and formal; and the jury must be satisfied that the plaintiffs had consented to waive and make no objection to any informality in the notice, and as to the time of giving it, in reference to the termination of the tenancy before the period for which this action is brought."

The jury returned a verdict for the defendant, and the plain tiffs alleged exceptions.

*S. B. Ives, Jr.* for the plaintiffs.

*B. F. Watson,* for the defendant.

This case was decided in June 1860.

DEWEY, J. 1. We think the instructions of the court in reference to the form of the notice in its direction to " Messrs. White & Kimball" were correct. If White was the agent of the bank in reference to the leasing of the shop, and this notice was in fact given to him as such agent, and was so received and so understood by him, the form of its direction would not render it invalid. There was evidence in the case proper to be submitted to the jury upon this point.

2. But upon the other point the court are of opinion that the case did not warrant a verdict for the defendant. The notice given on the 2d of May was too late to save the lessee from liability for rent for that month. The presiding judge properly ruled that if the monthly term began on the first day of the month, it would end on the last, and so the notice on the face of it was bad. But the judge submitted to the jury the ques‑ tion of a waiver by the plaintiffs of this defect in the notice, against the objection of the plaintiffs that there was no suffi‑ cient evidence to authorize the jury to find such waiver.

The position taken by the plaintiff seems to us to have been correct. The defendant could not say that he had been preju‑ diced in this matter by the subsequent acts of White, or by his withholding any objection to the notice on this account, as it was then too late to correct the mistake, or obviate the objection by a new notice. The defendant had omitted nothing, and placed himself in no worse position, by reason of any acts relied upon

as a waiver of the notice being given too late. This defect in the notice was not one to be cured by any finding of the jury that the agent well understood the purpose of the notice, for, if understood, it was a purpose that the defendant could not, by a notice drawn up in any form, legally effect on the second day of the monthly term of the lease.         *Exceptions sustained.*