HOWARD L. SMITH *vs.* M. J. BELL.

November 22, 1890.

**Tenant by Year, at Monthly Rent—Effect of Holding Over—Tenancy from Year to Year.**—Application of the rule that a tenant by the year, although paying rent monthly, becomes, by holding over after his term · expires, a tenant from year to year if the landlord so elect.

**Same—Notice to Landlord before Expiration of Term.**—Mere notice by the tenant, before the term expires, that he does not wish the premises for another year, will not change the effect of his holding over.

**Same—Statutory Notice to Quit.**—Gen. St. 1878, *c.* 75, § 40, does not apply to a tenancy from year to year.

Action brought in the municipal court of St. Paul, to recover rent of a dwelling-house in that city, for the months of January, February, and March, 1890, at the rate of $50 per month, payable monthly in advance. The defendant entered originally under a written lease for one year from August 15, 1888, at a rental of $50 per month, payable in advance on the first day of each month, and he continued in possession, paying rent, until December 31, 1889, when he removed from the house and sent the keys to plaintiff. Defence, that before the expiration of the term of the written lease the plaintiff applied to defendant to take a renewal for another year, which defendant refused to do, and notified plaintiff that he would not continue to occupy the premises for a longer time than a few months after the end of the term and until a house which he was building should be ready for occupancy, to all which the plaintiff assented, and that defendant's occupancy after the end of the term was solely under this agreement and continued only until the completion of his own house. The answer further alleged that on November 27, 1889, defendant served on plaintiff a notice in writing, subscribed by him, determining his tenancy on December 31, 1889. At the trial the court excluded the proof offered by defendant to show the giving of this notice, and the defendant excepted. In regard to the agreement pleaded in the answer the defendant's evidence was that some time

before the expiration of the lease, plaintiff asked him if he would want the house after the expiration of the lease, and he replied that he thought he would not, as he was thinking some of building, and he might have to move to a warmer climate for the winter on account of his wife's health, and at any rate he didn't think he would want the house for another year. Plaintiff said he thought if defendant should not want the house for another year he would move into it himself. Defendant then said he would not want the house for another year, and plaintiff said "all right" and went out, and soon afterwards put up a sign "for rent," on the line between the house in question and another one which also belonged to him, neither of which houses was vacant. The court directed a verdict for plaintiff, and the defendant appeals from an order refusing a new trial.

*C. J. Williams* and *C. J. Thompson,* for appellant.

*Howard L. Smith,* respondent, *pro se.*

GILFILLAN, C. J. There is nothing in the case from which to determine the character of defendant's tenancy, from year to year or from month to month, but the bare facts that his holding was at first under a written lease for one year from August 15, 1888, rent payable monthly, and that after the end of that term he remained in possession, paying the rent monthly as before.

Where a tenant thus holds over, the landlord may elect to treat him as a tenant at sufferance, or a tenant from year to year or from month to month, according to the character of his prior tenancy. Acceptance of rent according to the terms of the prior tenancy, if there be nothing to prevent that effect, terminates the right to elect. The law as to these points is so well settled that citation of authorities is unnecessary.

Undoubtedly it is open to either party to show an agreement or understanding between the parties that the holding over shall not have the effect to continue or renew the tenancy; but the conversation on which the appellant relies for that purpose does not tend to prove it, for it did not relate to a holding over. The mere fact that, before the original term expired, appellant told respondent that he did not want the premises for another year, could in no way change the effect of his continuing in possession after the term expired.

Gen. St. 1878, *c.* 75, § 40, applies only to the notice required to terminate a tenancy at will, and has no application to a tenancy from year to year.

Order affirmed.

NOTE. A motion for a reargument of this case was denied December 24, 1890.