# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

RUDOLPH M. HUNTER *vs.* WILLIAM A. FROST.

## July 17, 1891.

**Tenancy from Year to Year—Notice to Quit.**—Tenancies from year to year still exist in this state, as at common law, except so far as the length of notice required to terminate them has been changed by statute.

**Same—Application of Statute.**—The provisions of Gen. St. 1878, c. 75, § 40, relating to notices to quit, apply to tenancies from year to year. Overruling *Smith* v. *Bell,* 44 Minn. 524.

**Same—Requisites of Notice.**—But this statute changes only the *length* of notice, and not the time when it should terminate. Hence, in the case of a tenancy from year to year, the notice to quit must still terminate at the end of a year.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried by *Egan,* J., without a jury.

*Wm. Ely Bramhall,* for appellant.

*Wenzell & Tiffany,* for respondent.

MITCHELL, J. The plaintiff leased to defendant a tenement for the term of 13 months from April 1, 1888, for an agreed rent of $540 per annum, payable in equal instalments of $45, in advance, on the first day of each month. The defendant entered and occu-

pied the premises during the term, and after its expiration held over and continued in possession, and paid rent to the plaintiff, in accordance with the terms of the lease, up to and including the month of November, 1889. Several days prior to October 30, 1889, the defendant served upon plaintiff written notice that he would vacate the premises on November 30th next ensuing. In pursuance of this notice he vacated them, and has not since that time occupied them or paid rent. This action is to recover rent from December 1, 1889, to May 1, 1890.

It is not questioned but that at common law the defendant, by holding over after the end of the term without any new agreement, and paying rent according to the terms of the prior tenancy, which was accepted by the plaintiff, became a tenant from year to year, and that this tenancy could not be terminated by either party, except upon due notice, (at common law, six months,) terminating at the end of the first or any subsequent year, (May 1st.) But defendant's contention is that tenancies from year to year have been abolished by the statutes of this state, and converted into tenancies at will, which may be terminated at any time by either party, by giving the length of notice provided by Gen. St. 1878, c. 75, § 40, which, in this case, would be one month, the rent reserved being payable monthly. While tenancies from year to year are the creation of judicial decisions, based upon principles of policy and justice, out of what were anciently tenancies strictly at will, terminable at any time by either party without notice, yet such tenancies had become so well established and so fully recognized in the common law that it would naturally be supposed that, if it had been intended to convert them into mere tenancies at will, it would have been done by express and clear language, and not left to mere inference or implication. We think we are safe in saying that, although our statutes bearing upon the subject have always been the same as now, it has never been the understanding of the bar of the state that they had introduced any such radical change in the law as that now contended for. Evidently this court, in considering the cases of *Gardner* v. *County of Dakota,* 21 Minn. 33, 38, and *Dayton* v. *Craik,* 26 Minn. 133, (1 N. W. Rep. 813,) assumed that tenancies from year to year still existed in this

state. It was squarely so decided in *Smith* v. *Bell*, 44 Minn. 524, (47 N. W. Rep. 263,) although the question was not very fully argued in that case, and we would not feel bound to follow it if fully convinced that it was wrong.

Counsel for defendant does not claim that there is any express provision of statute abolishing such tenancies, but he relies on certain provisions which he claims effect that result by implication. The first is Gen. St. 1878, *c.* 45, § 1, dividing estates in land into estates of inheritance, estates for life, estates for years, estates at will and by sufferance; the argument being that, as estates from year to year are not named, therefore they are impliedly abolished. The next is Gen. St. 1878, *c.* 75, § 40, which provides that all estates at will may be determined by either party by three months' notice in writing for that purpose given to the other party, and, when the rent reserved is payable at periods of less than three months, the term of such notice shall be sufficient if it is equal to the interval between the times of payment. It is argued that by this the legislature intended to provide for the termination of all estates which did not terminate themselves without notice, and made provision for all the estates which it recognized, which did not terminate themselves, to wit, estates at will. Reference is also made to Gen. St. 1878, *c.* 84, § 11, governing summary proceedings for the recovery of possession by a landlord. It is said that this was evidently intended to give a landlord a summary remedy whenever the relation of landlord exists; but, as the statute only refers to two classes of cases in which the remedy may be employed when the tenant is not in arrears of rent, to wit, when the tenant holds over after the termination of the time for which the premises were demised, and where a tenant at will holds over after the determination of any such estate by notice to quit, therefore, if tenancies from year to year still exist, the tenant in such cases could only be evicted by an action of ejectment.

It seems to us that counsel has been led into error by failing to duly consider the state of the common law when the statutes were passed, and by assuming that, when they speak of tenancies at will, they refer exclusively to tenancies strictly at will; that is, those which, but for the statute in reference to notices to quit, would have been termi-

nable at any time by either party without notice.    It was determined
very anciently by the common law, upon principles of justice and
policy, that estates at will were equally at the will of both parties, and
neither of them was permitted to exercise his will in a wanton manner,
and contrary to equity and good faith, but that they could only be
terminated by notice for a longer or shorter period, depending usually
upon the nature of the original demise.    At first there was no other
rule but that the notice should be a reasonable one.    Because of the
uncertainty of this rule, the courts early adopted, as far as possible,
some fixed period as being reasonable.    In those tenancies which,
from the nature of the original demise, they construed to be tenancies
from year to year, the courts adopted six months as a reasonable
notice, holding that such tenancies could only be determined by a
notice of at least six months, *terminating at the expiration of the first
or any succeeding year.*    And in those cases which did not come
within the class of tenancies from year to year, because by implica-
tion for some definite period less than a year, the rule was generally
adopted that the time of notice should be governed by the length of
time specified as the interval between the times of payment of rent,
and should be equal to one of these intervals, *and must end at the ex-
piration thereof.*    The result was that at common law estates at will,
in the strict sense, became almost extinguished at a very early date,
under the operation of judicial decisions.    Indeed, it would have been
difficult to conceive of an instance of such a tenancy, except where
created by the express contract of the parties to that effect.    But they
still remained substantially tenancies at will, except that such will
could not be determined by either party without due notice to quit.
The enumeration or classification of estates adopted by our statutes
is but declaratory of that found in all writers on the common law,
even after the doctrine of tenancies from year to year had been fully
established by the decisions of the courts.    Estates in land, less than
freehold, have always been classified as of three sorts:    (1) Estates
for years; (2) estates at will; (3) estates by sufferance.    2 Bl. Comm.
139.    This classification was first incorporated in statutory form in
the old Revised Statutes of New York, and from them borrowed suc-
cessively by Michigan and Wisconsin, and perhaps other states; but

in none of them was it ever held, or even suggested, that the statute affected or in any way changed the common law as to tenancies from year to year. Did the statutory enumeration necessarily exclude tenancies from year to year, there would be much force in defendant's argument. But, so far from this being the case, they may be included in either estates for years or estates at will, or both, as they possess many of the qualities of each. A tenancy from year to year, though indeterminate as to duration until notice given, has most of the qualities and incidents of a term for years, and, when notice has been given, the term is as much fixed for a definite period as any term for years. A tenant from year to year has a lease for a year certain, with a growing interest during every year thereafter, springing out of the original contract, and parcel of it. Such an estate is not determined by the death of either lessor or lessee; it is assignable and demisable, and may be pleaded as a term. But, although it has many of the qualities of a term for years, yet it is, as already remarked, substantially a tenancy at will, except that such will cannot be determined by either party without due notice to quit, terminating at the end of a year. 1 Woodf. Landl. & Ten. 219. For purposes of notice to quit, it is a general tenancy at will. Tayl. Landl. & Ten. § 467, and cases cited. And for purposes of general classification it is treated as a species of tenancy at will, and as properly so as are those tenancies which by implication are held to be for some period less than a year, as from quarter to quarter, or from month to month, where notice to quit is also necessary in order to terminate them; the only difference being as to the length of the notice and the time it should terminate.

Notwithstanding what was decided in *Smith* v. *Bell, supra,* we have come to the conclusion, upon fuller examination, that the provisions of chapter 75, § 40, in relation to notices to quit, were intended to apply to all estates which do not terminate themselves without notice, and that for the purposes of such notices a tenancy from year to year is a tenancy at will. In some of the cases cited by plaintiff, it was held, as in *Smith* v. *Bell,* that similar statutes apply only to the notice required to terminate a tenancy at will, and have no application to a tenancy from year to year. In one of these cases

it is said that the purpose of the statute was to give tenants at will the right to the notice therein specified before they could be dispossessed, whereas, before such enactment, they were not entitled to any notice whatever; in other words, that the statute was to give the tenant the right to notice in cases which, but for the statute, would have been tenancies strictly at will. It seems to us that, in placing this construction upon such statutes, the courts have entirely overlooked the fact that tenancies strictly at will had already practically ceased to exist, except where the parties had expressly contracted that the tenancy might be terminated at any time without notice; and as in such cases the contract of the parties, and not the statute, would control, the result would be that such a construction would render the statute meaningless. We have therefore reached the conclusion that the description of estate commonly known as a tenancy from year to year is comprehended in the term "estates at will," as used in chapter 75, § 40. But this section has reference only to the *length* of notice, and does not assume to otherwise change or affect the nature of the tenancy, or the existing rules of law as to when the notice should terminate. For example, where, by implication, the tenancy is from quarter to quarter or from month to month, the rent being payable quarterly or monthly, the notice must still terminate with the quarter or month; and, where the tenancy is from year to year, the notice must terminate with a year, although the length of it may now be shorter than six months, as formerly required at common law. Consequently, while the notice given by defendant in this case was sufficient as to length, yet it was wholly ineffectual, because not terminating at the end of a year.

There is nothing in the point that there can be no such thing as a tenancy from year to year in this state because of the statute of frauds. Gen. St. 1878, *c.* 41, § 10. The courts have uniformly held that tenancies from year to year were not affected by such a statute. The cases from Massachusetts and Maine are not in point, because expressly placed upon their statutes providing that an estate or interest in land, created without an instrument in writing, "shall have the force and effect of *an estate at will only.*"

Judgment affirmed.