## P. BENETEAU v. JACOB STUBLER.

April 20, 1900.

Nos. 11,977—(95).

## Failure of Landlord to Make Repairs—Damage to Tenant.

A landlord, under a lease expressly exempting him from any obligation to the tenant to make repairs or improvements upon or about the leased premises during the life of the lease, is not liable to the tenant for damages to his goods occasioned by the leased premises becoming and remaining out of repair.

## Decision Supported by Findings of Court.

Findings of the trial court examined and considered, and *held* that the conclusions of law are supported by the findings of fact.

Appeal by defendant from a judgment of the municipal court of Duluth in favor of plaintiff for $50.54, entered pursuant to the findings of Edson, J. Affirmed.

*N. H. Wilson,* for appellant.

*Charles C. Teare,* for respondent.

BROWN, J.

This action was brought in the municipal court of the city of Duluth to recover upon defendant's promissory note for the sum of $40. The note was given in settlement of a balance due plaintiff for the rent of a building theretofore by him leased to defendant. Defendant, by his answer, admits the making and delivery of the note, and sets up a counterclaim for damages for injuries to certain of his goods kept in such leased building, which damage was caused by reason of the alleged failure of plaintiff to repair and put the building in proper condition for occupancy after the same had been partly destroyed by fire. Plaintiff had judgment in the court below, and defendant appeals to this court. There is no settled case, no evidence is returned to this court, and the only question to determine is whether the conclusions of law found by the trial court are sustained or supported by the findings of fact.

The facts found by the trial court, and upon which defendant bases his counterclaim, are, in substance, as follows: At a date

long prior to the giving of the promissory note in suit, defendant leased of plaintiff a certain building owned by him in the city of Duluth. Defendant took possession of the building, and conducted a business therein. Thereafter, and in January, 1897, without the fault of plaintiff or defendant, a large portion of the roof on the building was consumed and destroyed by fire, and the building was rendered unfit for occupancy. By the terms of the lease it was expressly agreed that plaintiff should not be under any obligation to make any alterations, improvements, or repairs of any kind on or about the building. Notwithstanding this express provision, the plaintiff did of his own motion replace and repair the damaged roof, but refused to make any other repairs, because and on the ground that the lease did not require him to do so. Subsequent to the time the roof was so replaced, defendant discovered that other and further repairs were necessary, to prevent water from leaking into the building and damaging his goods, and he demanded of plaintiff that he make such repairs. Notwithstanding the refusal of plaintiff to do so, defendant continued in the possession and occupancy of the building, paying rent as it fell due, and at no time until after the commencement of this action did he make any claim for damages for injuries to his goods by reason of the building being out of repair or otherwise. He made no effort to make the repairs himself, and, from aught that appears from the record, no effort to protect his goods from the water he alleges leaked into the building. Upon these facts, and others not important or necessary to state or set out, the court below rejected defendant's counterclaim, and ordered judgment for plaintiff for the balance due on the note.

We are of the opinion that the court below correctly disposed of the case, and the judgment appealed from will be affirmed. By the terms of the lease, the plaintiff was under no obligation to repair the building, and there could be no liability for his failure to do so. If the building was so out of repair as to render it unfit for occupancy, defendant had the right to make the repairs himself, or vacate the building. He elected to do neither, voluntarily remained in the building, paying rent, without a suggestion or claim that his goods were being damaged by reason of the building be-

ing out of repair, and making no effort himself to repair the same, or prevent the damage to his goods. There are no findings of fact under which defendant can recover. The allegations of the answer to the effect that after the fire the parties entered into a new agreement, by which the plaintiff, in consideration that defendant would continue to occupy the building, agreed to repair the same and put it in proper and suitable condition for occupancy, are found not true by the trial court. If the court had found these allegations to be true, defendant would have had some standing in court, but without them, either admitted or proven, he cannot recover.

Judgment affirmed.