JAMES C. SLAFTER and Another v. FREDERICK P. SIDDALL.[1]

February 16, 1906.

Nos. 14,595—(201).

**Tenant Holding Over.**

Under chapter 31, p. 31, Laws 1901, a tenant in possession under a written lease, which contains no provision for renewal, but provides for monthly payment of rent, by holding over without any new agreement becomes a tenant from month to month, but in other respects the covenants and obligations of the original lease are presumed to be in force.

**Charge to Jury.**

A verbal agreement to make certain improvements in the premises, in consideration of which a written lease is executed, remains obligatory upon the lessor during the term of the lease, and if, after that period, the lessee remains in possession and becomes a tenant from month to month, such agreement is presumed to remain in force. *Held*, it was error to instruct the jury that damages, caused by leakage because of failure to construct the improvement in a workmanlike manner, were limited to the period covered by the written lease.

Appeal by defendant from an order of the district court for Hennepin county, Holt, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiffs for $624. Reversed.

*Fred. W. Reed,* for appellant.

*Harlan P. Roberts,* for respondents.

LEWIS, J.

During April, 1900, while appellant was occupying respondents' premises, consisting of the basement and ground floor at No. 323 Hennepin avenue, Minneapolis, the parties verbally agreed upon a lease for one year from May 1, 1900, in consideration of the sum of $1,350, to be paid monthly in advance, and in consideration of an increase of rent respondents agreed to construct a show window in the front room on the ground floor, which was accordingly done. A written lease was executed, under which appellant occupied the premises for one year, and then, without the execution of any new lease or agreement, re-

[1]Reported in 106 N. W. 308.

mained in possession for another year. From May 1, 1902, until May 1, 1905, appellant occupied the premises; but the record is not clear as to whether the original lease was revived, or whether he simply held over without any new contract. This action was brought to recover upon a promissory note for $465, dated November 1, 1904, due on demand, with interest, executed by appellant to respondent in payment of accrued rent, and also for rent accruing subsequent to the execution of the note.

In defense, appellant pleaded a counterclaim of $550 damages to his goods occasioned by the leakage of rain through the window because of its alleged defective construction. The court submitted to the jury the question whether the window was defectively constructed, and whether appellant contributed to his own damage by unnecessarily exposing his goods, knowing they were likely to become injured, but limited the right to recover damages to the year covered by the written lease, May 1, 1900, to May 1, 1901.

Prior to the enactment of chapter 31, p. 31, Laws 1901, it was the general rule that, if a lessee for a definite period remained in possession after the termination of his lease, the law implied a contract on his part to lease the premises for another term upon the same conditions. Gardner v. Board of Co. Commrs. of Dakota County, 21 Minn. 33; Smith v. Bell, 44 Minn. 524, 47 N. W. 263. The purpose of the act was to remove the hardships of the rule as to those cases where the parties had not made any provisions in the lease with reference to a renewal. Quade v. Fitzloff, 93 Minn. 115, 100 N. W. 660. The lease now under consideration contained no provision for renewal, and hence the act of 1901 applied, and appellant became a tenant from month to month after May 1, 1901, and until subsequent leases, if any, were executed. The act of 1901, however, has reference merely to the period of time, and does not change the rule with respect to the other covenants and conditions of the lease.

While the lease itself contains no reference to the construction of the show window, it is conceded that the rental was increased and the lease executed upon the understanding that the improvement would be put in, and hence the obligation on the part of the landlord became just as binding as though a provision to that effect had been inserted in the writing. The result was that May 1, 1901, appellant became a tenant

from month to month, but in all other respects the covenants and obligations of the original written lease remained in force. Taylor, L. & T. § 525.

Such being the relation of the parties, the trial court was wrong in limiting the damages to the year expressly covered by the written lease, unless the evidence conclusively showed there was no damage during the subsequent period, or, if there was, that it had been settled. On this question we consider the evidence conflicting, and for that reason a new trial must be granted, in view of which we do not deem it necessary to discuss the other assignments.

Order reversed.