### J. A. ERIKSON v. THEODORE O. PROPP.[1]

December 18, 1908.

Nos. 15,860—(67).

#### Tenant's Loss—Liability of Landlord.

A landlord, under a lease expressly exempting him from any obligation to the tenant to make repairs or improvements upon or about the leased premises during the life of the lease, is not liable to the tenant for damages to his goods occasioned by the imperfect condition of the leased premises, and may recover the rental agreed upon.

#### Parol Evidence.

Oral evidence of a previous agreement by the landlord to repair was not admissible.

Action in the district court for Polk county to recover $80, ten months' unpaid rent under a written lease. The answer set up a verbal agreement by plaintiff to reconstruct the roof on the rented

[1] Reported in 119 N. W. 390.

building so that it would not leak, that without such improvement
the building was untenantable; and that defendant served plaintiff
with written notice that he terminated the lease because of leaks in
the roof which made the building unfit for occupancy, and a counter-
claim for damages to defendant's machinery caused by water. The
lease provided that if the rented building, without any fault of the
lessee, was so injured from any cause as to be untenantable and un-
fit for occupancy his liability for rent and his right to possession should
cease. At the close of the trial before Watts, J., plaintiff's motion
for a directed verdict for the amount claimed was denied, and the
court submitted to the jury whether the building was untenantable
when surrendered and when it was surrendered. The jury returned
a verdict in favor of plaintiff for $43.20. From an order denying
defendant's motion for a new trial, he appealed. Affirmed.

*L. E. Gossman* and *H. L. Gaylord,* for appellant.

*P. R. Lavik,* for respondent.


JAGGARD, J.

This was an action brought to recover a balance of $80 claimed
to be due for·the use of a part of a building owned by the plaintiff
by the defendant. A written lease was executed on the day on which
defendant took possession of the rented part of the building. The
total rent for the year was $96, payable at the rate of $8 per month
in advance. The first month's rent was paid at the time of the making
of the lease. The second month's rent was paid about May 4, 1906.
After that the defendant paid no rent. The written lease, in the ordi-
nary form, provided, inter alia, that there should not be "any liability
or obligation on the part of said lessor of making any alterations,
improvements or repairs of any kind in or about said premises," and
that the liability of the lessee for rent should cease in case the build-
ing, without fault or neglect on the part of the lessee, be destroyed
or so injured as to be untenantable. In the third month defendant
served written notice on plaintiff that the building was untenantable.
The building was not repaired. In the latter part of the month, the
defendant moved out the greater part of his machinery. There was,
however, testimony tending to show that defendant remained in pos-

session and used the premises for practically the remainder of the year.

The gist of defendant's case was this: The verbal agreement was made before the signing of the lease to improve and repair the roof immediately so that it would not leak. The roof was never improved or repaired, but continued to leak, whereby the building was rendered of no rental value. Without the improvements the building was of no rental value. Defendant also set up as a counterclaim damages caused by the leaking, due to the failure of the plaintiff to carry out his oral agreement. The court excluded testimony tending to prove this damage and its cause. The conclusion of the trial court must be sustained.

It is true, as was set out in Slafter v. Siddall, 97 Minn. 291, 106 N. W. 308, that where the lease itself contains no reference to the improvement of the premises, and it is conceded that the rental value was therefore increased, and the lease executed upon the understanding that improvements would be put in, the obligation on the part of the landlord becomes just as binding as though a provision to that effect had been inserted in the writing. In the case at bar, however, the preliminary agreement not to repair was not conceded, but was contested. Moreover, the parties here entered into a written and inconsistent agreement, and the tenant remained in possession. Under these circumstances the landlord is entitled to recover the agreed rental, and is not liable to the tenant for damages to his goods occasioned by the leased premises becoming and remaining out of repair. Beneteau v. Stubler, 79 Minn. 259, 82 N. W. 583; McLean v. Nicol, 43 Minn. 169, 45 N. W. 15; Haycock v. Johnston, 81 Minn. 49, 83 N. W. 494, 1118; 17 Cyc. 596. The court properly refused testimony on the counterclaim.

Affirmed.