# CAROLINE M. KING v. DURKEE-ATWOOD COMPANY.[1]

July 17, 1914.

Nos. 18,668—(199).

**Tenant holding over — waiver of notice of removal.**

A tenant under a lease from month to month gave notice to quit, but remained in possession for a month after the time specified in the notice for the termination of the tenancy. There was no new agreement, but the landlord elected to treat the tenancy as continued. It is *held:*

(1) By holding over after the time named the tenant waived the notice, and the case is as if no notice to quit had been given. The tenancy, by the election of the landlord to treat it as continuing, became or remained a tenancy from month to month.

(2) It could only be terminated by a new notice to quit. G. S. 1913, § 6812, does not operate to make such tenancy one for a single month.

Action in the municipal court of Minneapolis to recover $3,500. The case was tried before Charles L. Smith, J., and a jury which returned a verdict for $203 in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*George W. Caldwell,* for appellant.

*Arthur E. Olson* and *E. F. Hilton,* for respondent.

BUNN, J.

Defendant was a tenant of plaintiff under a lease from month to month, the leased premises being a store in Minneapolis and a flat above it. The rent was payable monthly in advance. April 4, 1913, defendant caused to be served on plaintiff a notice of the termination of the tenancy of May 31. Defendant did not however vacate the premises on the date named, but continued in possession until June

1 Reported in 148 N. W. 297.

Note.—On the question of the rent period as the criterion of the term implied by holding over after the expiration of a lease for a fixed term, see note in 25 L.R.A. (N.S.) 855.

30, when it ceased to occupy the premises for any purpose, and delivered the keys to plaintiff. The holding over was with the knowledge and consent of plaintiff, though there appears to have been no agreement as to the terms upon which the tenant held over. Apparently it was understood that the tenant was to move to new quarters as soon as they were ready, and that it was not the intention of defendant to continue its occupancy of the leased premises beyond the month of June.

This action was brought to recover the rent of the store for the months of June, July and August, and of the flat for the months of June and July. Plaintiff was unable to rent the store in July or August, but occupied the flat the latter month. Defendant admitted its liability for the month of June, during which it occupied the premises, but claimed that it was not liable for the July and August rent. The trial was to a jury. The court instructed that the tenant's holding over after May 31 made the notice a nullity, that the case was as if no notice had been given, and that defendant was liable for the July and August rent. The verdict was in accord with this instruction. Defendant moved for a new trial, and appealed from an order denying such motion.

The decision here depends upon whether the instruction of the court to the jury, above referred to, is a correct statement of the law as applied to the facts in the case.

1. If the notice was rendered a nullity by the tenant's holding over, it must be on the ground of waiver. It is clear, in this state at least, that a notice by the landlord to a tenant to quit may be waived by the landlord, and that such notice is thenceforth inoperative. Arcade Investment Co. v. Gieriet, 99 Minn. 277, 109 N. W. 250; see note to Wisner v. Richards, 25 Ann. Cas. 160.

It is doubtless true that a tenant may withdraw or waive a notice to quit given by him. And if he does waive it, it is plainly correct that the situation is as if no notice had been given. Clearly notice was necessary in order to terminate this tenancy at will or from month to month. R. L. 1905, § 3332.

Did the tenant, by holding over after the time named in the notice, waive or withdraw such notice? There are some statements in text-

books, and at least one reported case that lends support to the view that such holding over is only presumptive evidence of waiver, and does not operate as a matter of law to continue the tenancy. In "CYC" the law is thus stated: "No continuance of the tenancy is necessarily implied from the mere fact of a tenant continuing in possession after the expiration of a notice to quit given by such tenant. It is for the jury to decide whether or not the tenant, by remaining in possession intends to waive the notice and continue the tenancy." 24 Cyc. 1336. But one case is cited as authority for the text, and that is Jones v. Shears, 4 A. & E. 832. This case was determined by the court of Kings' Bench in 1836. The lessee of the coal under certain lands gave a notice, as under the lease he had a right to do, that at the end of two years he would deliver possession and end the term. He continued for two months after the two years to work the coal, and it was claimed by the lessor that the notice was thereby waived. The lessee insisted that the working was not carried on with any view of continuing the tenancy; that the coal mined was taken from the pillars which supported the roof, and that this was customary on leaving a mine. It was held that the question whether the lessee intended to waive the notice and continue the tenancy was for the jury. Mr. Tiffany states that a tenant holding over after the time named in his notice of intention to quit is liable in use and occupation as a tenant holding over, but that such retention of possession does not necessarily operate as a waiver or withdrawal of the notice, so as to effect a continuance of the former tenancy. 2 Tiffany, Landlord & Tenant, 1464. But the decided weight of authority is that a tenant who holds over after the expiration of his term may be held liable as tenant for a further period without reference to his actual wishes on the subject, and necessarily without reference to his intention to become a tenant for a further term. 2 Tiffany, § 209, and cases cited. It would seem to be immaterial whether the term expires because of the termination of the period named in the lease, or by a notice to quit, given where the lease requires it or where the tenancy is at will. Graham v. Dempsey, 169 Pa. St. 460, 32 Atl. 408; Conway v. Starkweather, 1 Denio (N. Y.) 113; Schuyler v. Smith, 51 N. Y. 309, 10 Am. Rep. 609.

See also Smith v. Bell, 44 Minn. 524, 47 N. W. 263. The doctrine is that the landlord has the option to hold the tenant for another period, or to treat him as a trespasser or a tenant at sufferance. He may eject the tenant or resort to summary proceedings to recover possession. But if he sues for the rent, or demands it, he elects to hold the tenant for another period, and the tenant has nothing to say about it. The rule is perhaps a harsh one, but it is too well settled generally and by our own decisions to justify departing from it. Smith v. Bell, 44 Minn. 524, 47 N. W. 263; 3 Notes on Minn. Reports, 427.

The length of the term for which the tenant will be held depends, in the absence of statute, on the character of his prior tenancy. In the case of a prior tenancy from month to month, such as was the tenancy in the case at bar, the tenant, on the election of the landlord to so treat him, becomes or remains a tenant from month to month. Smith v. Bell, supra. And this would be so as to urban property in case of a holding over without any new agreement after the termination of a lease for a definite time. Laws 1901, p. 31, c. 31; R. L. 1905, § 3333; G. S. 1913, § 6812; Backus v. Sternberg, 59 Minn. 403, 61 N. W. 335; Quade v. Fitzloff, 93 Minn. 115, 100 N. W. 660; Slafter v. Siddall, 97 Minn. 291, 106 N. W. 308. See note in 25 L.R.A.(N.S.) 857; also 28 Am. St. 639.

We are forced to the conclusion that defendant, by holding over after the time specified for the termination of the tenancy, waived the notice given by it. The trial court was therefore correct in instructing the jury that the notice was a nullity and that defendant would be held just the same as though such notice had never been given.

2. It follows that notice was necessary in order to terminate this tenancy. It is admitted that no such notice was given. Defendant relies on the statute before cited (G. S. 1913, § 6812), in support of its claim that it is liable only for one month's rent. But the cases of Stees v. Bergmeier, 91 Minn. 513, 98 N. W. 648; Quade v. Fitzloff and Slafter v. Siddall, supra, are conclusive that this statute affords defendant no relief. It was enacted to do away with the harsh rule whereby, at the option of the landlord, a tenant under a

lease for a definite term who remained in possession after the termination of his lease was bound for another term on the same conditions. If the statute applies at all to a holding over after the termination by notice of a tenancy at will or from month to month, it cannot be construed as making a new tenancy for a single month.. In Slafter v. Siddall, the lease was for a year and the tenant held over without any new agreement. The statute was applied, and it was held that the tenancy was from month to month. Clearly when the original tenancy is one from month to month and the tenant has the right to give a month's notice and relieve himself from further liability, the statute was not intended to and does not convert such tenancy into one for a month only. Indeed, when we have said that the notice was a nullity, it is equivalent to saying that the tenancy at will was not terminated. It remained in force until the tenant quit after the expiration of the time named in a new notice. It follows that the trial court was correct in holding that the tenancy had not terminated, and that defendant was liable for the July and August rent.

Order affirmed.