NORTHERN PACIFIC RAILWAY COMPANY, a Corporation, Respondent, v. BISMARCK COMMISSION COMPANY, a Corporation, Appellant.

(171 N. W. 623.)

**Landlord and tenant — right of way — termination of tenancy at will.**

> The plaintiff brings this action to recover possession of a part of its right of way. In justice court and in district court the decision was given for the plaintiff, and defendant appeals. Manifestly the defendant held over contrary to the terms of his lease, which contained an express agreement that either party might terminate the same on written notice of thirty days. Judgment affirmed.

Opinion filed February 3, 1919.

Appeal from the District Court of Burleigh County, Honorable *W. L. Nuessle,* Judge.

Affirmed.

*W. L. Smith,* for appellant.

The defendant and the appellant occupied the premises under a written lease from year to year, was tenant for an uncertain number of periods of time of twelve months' duration each. Tiedeman, Real Prop. 3d ed. ¶ 164; Washb. Real Prop. ¶ 798; 24 Cyc. p. 1028; Gear, Land. & T. §§ 29 to 33; Kaufman v. Mastin (W. Va.) 25 L.R.A. (N.S.) 855; Hunter v. Frost (Minn.) 49 N. W. 327; 2 Bouvier's Law Dict. "Tenant;" Comp. Laws 1913, §§ 5901, 6095.

*Miller, Zuger, & Tillotson,* for respondent.

"When the hiring of a thing is terminated before the time originally agreed upon, the hirer must pay the due proportion of the hire for such use as he has actually made of the thing, unless such use is merely nominal and of no benefit to him." See also Lindeke v. McArthur

(Minn.) 145 N. W. 399; Fink v. Weinholzer (Minn.) 123 N. W. 931; Porter v. Tull (Wash.) 22 L.R.A. 613; Wreford v. Kenrick (Mich.) 65 N. W. 234.

Robinson, J. The plaintiff brings this action to recover possession of a part of its right of way. In justice court and district court the decision was given for the plaintiff, and defendant appeals. To the writer it is entirely manifest that the several appeals were not taken in good faith, and that the appeals were only for the purpose of delay.

On May 3, 1907, the plaintiff made to defendant an indefinite term lease or license, by which, in consideration of $25 a year, it leased to the defendant a part of its right of way in the city of Bismarck for the purpose of doing a general produce, commission, and storage business. In the lease it was expressly agreed "the railway company may terminate the lease at any time, upon written notice of not less than thirty days, with or without assigning any reason therefor; and the lessee may terminate the lease by giving thirty days' notice in writing to the land commissioner of the railway company, at his office in St. Paul, Minnesota." Accordingly on May 25, 1917, there was personally served on defendant a written notice to terminate the lease in thirty days and a request for defendant within that time to remove from the premises. So the lease expired on June 25, 1917. Then on July 18, 1917, at Bismarck, there was served on defendant a statutory notice to quit the premises, and on July 24, 1917, the action was commenced in justice court.

Contrary to the express terms of the lease defendant insisted that it was a lease from year to year, and that it could be terminated only at the end of each yearly period. Defendant also insisted that under the lease he had paid $25 as rental for the year ending January 31, 1918, and that by reason of accepting the rent plaintiff could not return the same for the unexpired portion of the year and terminate the lease before the end of the year. The lease or license was fairly made for a nominal consideration, and under it defendant had held possession for several years. Manifestly it was competent for the parties to contract for the termination of the lease by a written notice of thirty days, and by such notice the lease was duly terminated June 25, 1917.

Obviously the defense has not the least merit. The judgment is affirmed, with costs, and the case is forthwith remanded.

Affirmed and remanded.

GRACE, J. I concur in the result.

BRONSON, J. (specially concurring). Although I concur in the conclusion that the judgment of the trial court should be affirmed, I am nevertheless compelled to disagree with the language used in the majority opinion.

I think it wholly improper for this court to find that this appeal was not taken in good faith, and was made only for the purpose of delay. The record presents a square issue, fairly presented, concerning the interpretation to be placed on a stipulation in the lease; reflection should not so be cast upon the attorney for the appellant, an officer of this court in good standing, unless the record shows a palpable abuse of the right of appeal.

On May 3, 1907, the plaintiff made to the defendant a lease whereby it demised to the defendant certain premises on its right of way in the city of Bismarck; the lease provided for an annual rental of $25 payable in advance, together with payment of taxes and assessments levied against the premises during the term. The lease used the terms "lessor" and "lessee;" required occupancy within three months after the date of the lease, and provided against assignment or subletting without the consent of the plaintiff; by agreement this lease was slightly modified as to the premises covered on August 2, 1907 and on December 1, 1908. The lease contained the further specific provisions, to wit: "The railway company may terminate this lease at any time upon written notice of not less than thirty days, with or without assigning any reason therefor. Any such notice shall be good if served personally upon the lessee, or posted upon the leased premises, or if deposited in a United States postoffice addressed to the lessee at the following address, viz.: Bismarck, North Dakota. If the lessee shall fail to remove any material, building, or property within the time prescribed in a notice of termination, the railway company may appropriate such property to its own use without compensation, or may remove the same at the cost of the lessee."

The lease did not specify any term. At the heading thereof, there occurred the printed term, "indefinite term lease." The majority opinion terms this instrument an indefinite term lease or license. It is clearly not a license or a mere privilege.

The appellant contends that the instrument created a tenancy from year to year. In this contention the appellant is correct. This instru-ment bears all of the ear-marks necessary to create the tenancy, known in law as a tenancy from year to year. It uses the formal words of a lease, there is a rent reserved payable annually as an annual rental; it contains a provision against assignment or subletting. Consequently it was not a pure tenancy at will. Hunter v. Frost, 47 Minn. 1, 49 N. W. 327; 24 Cyc. 1027; Jones, Land. & T. §§ 215 et seq. As a tenancy from year to year, there existed a demise of the premises for the current year, with the privilege of a recurrent period, unless ter-minated by notice as provided for in such cases, or as otherwise changed by statutory rule. The only question involved in this case is, whether the express provision contained in the lease providing for notice to terminate the same is a provision for termination of this lease by notice so as to end the same at the expiration of one of these recurrent periods, or is an express stipulation to be construed as a contingent limitation, fixing definitely the termination of the lease upon giving the required notice.

I am of the opinion that this written stipulation was a limitation which fixed the period when the lease might be determined. I arrive at this conclusion from the express provisions of the stipulation, which provide that the plaintiff may terminate such lease at any time, upon the notice of thirty days with or without assigning any reason there-for. It is similar to provisions sometimes contained in leases, even in leases for years, whereby a lease may be terminated where the lessor desires to sell or desires to rebuild on the premises. As a limitation it served to fix a time when this lease could be absolutely terminated. The fact that the lessor specifically stipulated for termination at any time, with or without cause, prescribed a conditional limitation ab-solutely within the discretion of the lessor, and therefore this stipu-lation served to change the ordinary construction placed upon the statutory rule, or on the general principle of the common law concern-

ing terminations of tenancies from year to year by notice given. Jones,. Land. & T. § 115; Ann. Cas. 1916B, pp. 306, 314, note.

The judgment accordingly should be affirmed.