JOHN H. PECKHAM *vs.* EDITH BATES BRAYTON.

NOVEMBER 18, 1932.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of assumpsit to recover rent. After hearing in the Superior Court before a justice sitting without a jury, decision was rendered for $303.18, the amount of plaintiff's claim. The case is in this court on defendant's exception to the decision.

It appeared in evidence that on October 1, 1930, plaintiff let his factory building in Providence to the defendant under a month-to-month tenancy. In the factory at this time was certain heavy machinery, shafting and belting, which defendant purchased from the receivers of the previous tenants of the building and continued to use in manufacture on the premises. She paid the monthly rental from October 1, 1930, to June 30, 1931. On June 13, 1931, defendant sent plaintiff a letter enclosing a check for the June rent and stating that "we also wish to advise you that we will vacate this building on or before June 30, 1931."

Plaintiff testified that when he visited the premises after July 1, 1931, he found defendant's machinery still there and in use, and that he there conversed with one Gibson, whom he had previously seen at the factory, who told plaintiff he was "going down to see Mrs. Brayton and get the rent." Plaintiff testified that he never received any notice of change in ownership of the business or the machinery, which remained in the building until about October 15, 1931; that he thought defendant had changed her mind about vacating the premises, and that he never accepted any person other than the defendant as his tenant. He therefore contends that defendant owes him rent for the continued use of the premises upon which said machinery, owned by her although leased to Gibson, remained.

Defendant testified that in May, 1931, she leased the machinery and turned the business over to Gibson, ceased

to have anything to do with the premises, and thereafter gave notice of the termination of her tenancy. Gibson's testimony in substance corroborated that of defendant.

The right of plaintiff to recover the rent accruing after June 30, 1931, depends upon the question whether under all the circumstances defendant's notice to plaintiff terminated the tenancy existing between them and substituted Gibson as the tenant from and after that date.

A substitution of tenants such as here claimed by defendant cannot be effected without the assent, express or implied, of the landlord. If implied, the assent must be clearly evident. This court, in *Granite Bldg. Corp. v. Rubin,* 40 R. I. 208, said: "It would of course be competent for a lessor to accept the substitution of one party for another and to release the original lessee from further liability under his covenant to pay rent, but in order to effect such a release the intent of the lessor to do so must clearly appear . . . ." In the case of *Manley v. Winkler,* 75 N. Y. Misc. 637, cited by the defendant, a corporation occupied premises actually leased by individuals; but it differs from the instant case in the very important particulars that at the time of signing the original lease the individual lessees contemplated the formation of this corporation; that the corporation went into possession shortly after; that at the time of signing an extension of the lease the corporation was actually, and remained, in possession of the entire premises; and that during all this period the corporation paid the rents by checks in its corporate name. Obviously the corporation was the principal party throughout, the individuals being merely incidental thereto, and the lease was entered into for the use and benefit of the corporation. In the present case Gibson was not considered at all at the time of the original letting. According to plaintiff's testimony Gibson's possession of the premises was not in the contemplation of or with the permission of plaintiff, but in the nature of a surprise to him.

The notice sent plaintiff by defendant contained the words: "we will vacate this building" and this surely is synonymous with "move out." This notice would reasonably lead plaintiff to expect to resume possession of his building on July 1. If he found the equipment still there he might, as he testified, reasonably conclude that defendant had changed her mind about moving and was continuing to do business there.

Plaintiff could not be expected to anticipate a wholly new situation. If such in fact existed, defendant had the burden of bringing it to plaintiff's attention, since she had not moved the machinery or vacated the building in the sense that her notice indicated she would do. It has been held that, upon giving notice of the termination of a tenancy, the tenant is bound to deliver the premises unoccupied. *Rothbart* v. *Rothman*, 143 N. Y. Rep. (App. Div.) 156; *Morris* v. *Burton*, 1 Houston (Del.) 213. By holding over or allowing another to hold over in his place, the tenant waives his notice and the case is as if no notice had been given. *King* v. *Durkee-Atwood Co.*, 126 Minn. 452. In *Smith* v. *Hunt*, 32 R. I. 330, this court said: "The relation of landlord and tenant cannot be determined except by the expiration of the lease where there is a lease for a fixed term or, in case of a tenancy from year to year or from month to month, by notice given in accordance with the statutory requirements, except by a surrender of the premises by the tenant and the acceptance of such surrender by the landlord. Whether or not there has been such acceptance or surrender is to be determined by the intention of the parties. This intention is to be determined by their acts and words." The burden of proving a surrender is upon the party alleging it. 16 R. C. L. p. 1153.

In the present case there is sufficient evidence to warrant the trial court in finding that defendant did not on June 30, 1931, surrender the property to plaintiff or abandon the tenancy; and she thereby became liable for the rent which subsequently accrued.

Defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*George Roche*, for plaintiff.

*Grim & Littlefield, Matthew W. Goring*, for defendant.