.ROSE ANN OESTERREICHER v. A. D. ROBERTSON.[1]

December 16, 1932.

No. 29,224.

*Kelly, Thomas, Morck & Dillon,* for appellant.
*Lewis Himmelman,* for respondent.

HOLT, J.

Appeal from the order denying defendant a new trial.

The facts are undisputed. Defendant leased of plaintiff by a written lease a dwelling known as 2012 Lake of the Isles boulevard, Minneapolis, Minnesota, for a term beginning September 1, 1928, and ending August 31, 1930, at the monthly rent of $112.50, payable in advance on the first day of each month. Defendant held

[1]Reported in 245 N. W. 825.

over after expiration of the term, paying $112.50 rent in advance on the first day of every month, including the month of April, 1931. On April 1, 1931, defendant served a written notice that he would surrender possession and terminate the tenancy before the beginning of the new monthly term on May 1, 1931. The notice was not served personally but was mailed on March 31, 1931, and was received by plaintiff on the next day, viz. April 1. Defendant vacated before the end of April, 1931.

In this action to recover the rent for the month of May, 1931, the court found for plaintiff. The sole question before the trial court was: Did the notice received by plaintiff on April 1, 1931, terminate the tenancy with the expiration of that month? In other words, was it served in time to end the tenancy with the end of April? It is conceded that the notice was adequate as to contents.

G. S. 1923 (2 Mason, 1927) § 8191, applicable here, reads:

"Estates at will may be determined by either party by three months' notice in writing for that purpose given to the other party, and, when the rent reserved is payable at periods of less than three months, the time of such notice shall be sufficient if it be equal to the interval between the times of payment."

In the case at bar the interval is a calendar month and hence is not of the same length every month.

In Hunter v. Frost, 47 Minn. 1, 4, 49 N. W. 327, it was said:

"The rule was generally adopted that the time of notice should be governed by the length of time specified as the interval between the times of payment of rent, and should be equal to one of these intervals, and must end at the expiration thereof."

Therefore in the instant case the notice must terminate the tenancy with the last day of April. But the first day of April, the day on which the notice was received, was a part of that month, and the notice to be effective should have been served before that rental month began. In other words, if the tenancy is allowed to continue until a new rental month is begun, it is too late to serve

notice so as to terminate the tenancy with the expiration of that month.

It was definitely held in Budds v. Frey, 104 Minn. 481, 117 N. W. 158, 15 Ann. Cas. 24, that when a lease is dated the first day of a month that day is part of that month's tenancy or term so that if it became necessary and permissible to terminate the same by notice the last day of that month would be the one upon which surrender of possession should take place. Remaining in possession on the next day, May 1, would be entering on a new month by the tenant.

The syllabus in Petsch v. Biggs, 31 Minn. 392, 18 N. W. 101, is:

"Where, in a tenancy from month to month, the month commences on the first day, a notice served a month before the day named in it, requiring the tenant to quit on the last day of the month, is sufficient."

The notice there was served before the month began upon the last day of which the tenant was required to quit.

In Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454, the notice was likewise served before the beginning of the month upon the last day of which the tenancy was to cease. And we think the general understanding of the bar has been that to end an estate at will, rent payable monthly, the notice must be given before the month begins with the last day of which the tenancy is to end.

2 Taylor, Landlord & Tenant (9 ed.) § 477, states:

"If a particular day is named in the notice, it must be the day of, or corresponding to, the conclusion of the tenancy, and not to its commencement; for if the latter day is named, the possession of the tenant for a new term has begun, and if this be for a time, however short, his holding must continue until it is determined by a new notice."

Speaking of the length of the notice required, 2 Tiffany, Landlord & Tenant, p. 1454, says:

"In view of the uncertainty as to the mode of computing time in this connection, it is advisable, in giving a notice to quit, to allow a margin of time, and, as a matter of fact, notices are ordinarily

given more than the prescribed period before the time named for the expiration of the notice."

There are holdings that where the lessor gives notice to quit, if it be given before the month begins it is effective although it gives the lessee the first day of the next month within which to surrender possession. Searle v. Powell, 89 Minn. 278, 94 N. W. 868; Aitkin Lodge No. 164 I. O. O. F. v. Troppman & Singer, 179 Minn. 349, 229 N. W. 312. Under a statute like ours, it was held that a notice served on May 1, notifying the lessor that the lessee would surrender and quit at the end of one month from this date, was too·late to save the lessee from liability for the rent for the month of June following. Bay State Bank v. Kiley, 80 Mass. 492.

But in Walker v. Sharpe, 96 Mass. 43, it was held that "the estate of a tenant at will, who occupies under an agreement to pay rent monthly, on the first day of each month, may be determined by a written notice, given on the first day of a month, and directing him to quit and deliver up the premises on the first day of the next month, although the monthly terms began on the first day of each month." The court [96 Mass. 46] referring to Bay State Bank v. Kiley, 80 Mass. 492, said it there did not appear that the day upon which the notice was given was a rent day, "but it assumed that the rent was payable for a term ending on a rent day, and not for a term ending the day before." The court goes on [96 Mass. 46]:

"If we sustain the ruling of the court in this case, we must hold that there ought to have been a notice to quit on the day before the rent day, and served at some time prior to the preceding rent day. Adhering to the decisions above cited, and to the words of the statute as construed by those decisions, we must hold that the notice should terminate on a day when rent is payable; and it will then follow that the notice will not be sufficient in such a case as this, though it is equal to the interval between the days of payment, but must be at least one day longer than that interval. This would be directly contrary to the statute. We do not feel at liberty to carry the construction of a statute to such a length."

In that case the rent was payable on the first of the month for the month just past, and was not in advance. However, in a case of terminating a tenancy at will by notice, the length of notice and the time of termination of the tenancy should not be left to a dispute as to whether rent was or was not payable in advance. And since our decisions have definitely settled that a tenancy begins on the day of the month the lease is dated, and also that it ends with the last day of that month, it follows that a new term begins on the next day. We therefore hold that in order to end such a tenancy with the end of a rental month the notice must be served before the first day of that month. In Massachusetts it is firmly established that a tenant may vacate or surrender possession on a rent day even though it is the beginning of a new term. In Missouri the statute provides that where the tenancy is from month to month a month's notice is sufficient to terminate the tenancy. The court holds that where the rental month begins on a certain date and it is desired to terminate such tenancy with the expiration of that month, the notice must be served before the date on which the month begins. Gunn v. Sinclair, 52 Mo. 327; Corby v. Brill B. & S. Co. 76 Mo. App. 506.

Strictly speaking, the length of time given by the notice served on April 1 equals the interval of time between the rent payments of April 1 and May 1. But with our decisions that the rental month begins on the day the lease is made, usually the day the rent is paid in advance for the month, and that it ends with the last day of the rental month, we think it more in consonance with the practice in vogue to hold, as stated, that a notice served on the first of a rental month is not in time to terminate the tenancy with the end of that month.

The order is affirmed.