SAMUEL KIMBALL & another *vs.* HENRY M. CROSS.

Essex.    Nov. 8, 1883. — Jan. 22, 1884.    W. ALLEN & HOLMES, JJ., absent.

Certain premises were let by a written lease "for the term of one year" for a sum
named, "with the privilege of continuing five years" at an increased rent.
*Held,* that the latter clause was not an executory contract for a lease; but was
sufficient to create a present demise, if the occupation of the premises was con-
tinued after the expiration of the first year.

Certain premises were let by a written lease "for the term of one year" for a sum
named, "with the privilege of continuing five years" at an increased rent, pay-
able semiannually.  The lessee, after the expiration of the first year, continued
to occupy the premises, with a building which had been erected by him, and
paid rent subsequently.  He afterwards stated to the lessor that he did not
wish to keep the premises longer; but the only assent to a surrender of the
premises was on condition that he would remove his building, which he did not
do.  *Held,* in an action for six months' rent, that there was sufficient evidence
for the jury to find an election to continue in possession of the premises after
the expiration of one year under the lease; and that there was no surrender.

In an action for rent due under a lease which the lessee admits he has executed,
evidence offered by the lessee that he had not seen the lease is properly ex-
cluded.

In an action for rent due under a written lease "for the term of one year" for a
sum named, "with the privilege of continuing five years" at an increased rent,
the lessee having failed, after the expiration of the first year, to remove a build-
ing which had been erected by him, evidence that he had been told by others
than the lessor that the building was not on the demised premises is hearsay,
and inadmissible.

CONTRACT, to recover rent from May 24 to November 24,
1882, on the following instrument, in writing, dated November
24, 1879, and executed by the plaintiff and the defendant:

"Know all men by these presents, that we, Samuel Kimball,
of Boxford, in the county of Essex, and State of Massachusetts,
and William Sawyer, of Georgetown, in said State and county
aforesaid, have leased our mill privilege in Boxford, it being the
same on which our box factory was burned, with all the rights
and privileges pertaining thereto, for the term of one year, for
seventy-five dollars, with the privilege of continuing five years
at one hundred dollars per year, to Henry M. Cross, of New-
buryport, in the aforesaid State and county.

"And I, Henry M. Cross, on my part, promise to pay the rent
as above described, and to be paid semiannually, and I agree to
keep said privilege in as good condition as it is at this time."

Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiffs put the lease declared on in evidence; and the defendant admitted its due execution and delivery. The land demised thereby extended seventy feet on a street, and ran back forty feet. A mill formerly standing thereon had been burned at the date of the lease.

At the same time that the lease was executed, Kimball demised to the defendant the right to take a deposit of infusorial earth from land near the premises demised in the lease, upon a royalty, and also about a quarter of an acre of land, on which to put sheds for drying said earth. The defendant furnished money to his brother, John S. Cross, who, as agent for the defendant, carried on operations in removing said deposits for a short time after November 24, 1879, not exceeding six months. Soon after November 24, 1879, a two-story building, twenty by thirty feet, was placed upon the premises demised by the lease, standing on stone posts, and used in connection with the removal of said deposits, which building was the property of the defendant.

The plaintiffs offered evidence tending to show that the defendant, at or near the end of the first six months of the first year of the lease, paid as rent therefor to one William F. Sawyer, as agent for William Sawyer, one of the plaintiffs, the sum of $18.75, that being his share of the semiannual rent then due; and also that the defendant, at or near the close of the first year, paid the same amount to William Sawyer for the last six months' rent of the first year; and that, at or about the end of the first six months of the second year after the date of said lease, the defendant paid Sawyer the sum of twenty-five dollars as his share of the rent of the premises demised in said lease for said six months.

It also appeared that, some time in the summer of 1881, the defendant was told by the plaintiff, that, if he wished to terminate his lease, he must move off his building; and that he then replied that he was not ready to do that, as he hoped to interest New York parties. It appeared at the trial that the building on the lot had never been removed.

On September 26, 1881, Kimball sent the following letter to the defendant, by the agent of both the plaintiffs: " Mr. Cross:

If convenient, I would like to have our affairs settled up. I conclude you do not care to use the buildings longer. Please transact the business with Mr. William F. Sawyer, Georgetown. Yours truly, Samuel Kimball."

William F. Sawyer, agent of both the plaintiffs in collecting the rents and caring for the premises, testified as follows, and his evidence was not contradicted: "I saw the defendant in September, 1881, at the time the letter was presented. I asked him to remove the buildings. I understood he wished to keep the infusorial earth lot longer, but did not wish to keep the mill privilege longer. In January, 1882, he told me he had no fur-- ther use for these premises, and did not propose to pay any more rent or have anything more to do with them. I did not then ask him to remove the buildings, but had done so the previous fall."

It was admitted that no rent had been paid for the premises demised by the lease during the time covered by the writ, and that the same had been duly demanded.

The defendant contended, and offered evidence tending to . show, that his third payment of rent was on account of Kimball's share of the first year's rent, and not for six months of the second year. He also denied that he had expressed any wish to retain the premises after the first year, and testified that at the end of the first year he had notified the plaintiffs that he should give up the premises; but this evidence was controverted by the plaintiffs.

The defendant offered to show that he had never seen the lease declared on. The judge excluded the evidence.

The defendant offered to show that he was informed, by parties other than the plaintiffs, that the site of the old mill covered by the lease was across the stream, and that the building put on the demised lot was intended to be put on the lot demised by Kimball alone. The judge excluded the evidence, but allowed the defendant to testify that he did not know in fact that the building was on the demised premises, and supposed . the contrary.

The defendant asked the judge to rule that the lease, as such, had no operative force after the expiration of one year, even if the defendant availed himself of the privilege of continuing,

named therein. The judge declined so to rule, and did rule, that, if the plaintiffs proved that the defendant elected to continue in possession under the lease after the end of one year, and did in fact continue to occupy the premises after that year, and up to and during the six months in respect to which rent was claimed, under the privilege contained in the original lease, then he was liable in this action; but that such liability did not arise if, at any time prior to May 24, 1882, the defendant surrendered the premises to the lessors, and they accepted the same as surrendered; and that, upon the question of surrender, the burden of proof was on the defendant, and upon the former proposition the burden of proof was upon the plaintiffs.

The defendant also asked the judge to rule, that, upon the facts and evidence herein appearing, the plaintiffs could not maintain their action. The judge declined so to rule.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*D. L. Withington,* for the defendant.

*J. B. Lord,* for the plaintiffs.

Devens, J. The defendant desired the court to rule that the lease under which he entered had no operative force after the expiration of one year, even if he availed himself of the privilege of continuing, named therein. The instrument, which was dated November 24, 1879, recited that the plaintiffs had leased to the defendant the premises " for the term of one year for seventy-five dollars, with the privilege of continuing five years at one hundred dollars per year; " and the instruction requested treats the latter clause as a mere executory contract for a lease thereafter to be given, should the defendant desire it. But the instrument upon its face purports to be the contract upon which the subsequent occupation, at the election of the defendant, is to be enjoyed. By it the relations and rights of the parties are defined, and the words are apt to create a then present demise when, at the end of the first year, the occupation is continued. *Kramer* v. *Cook,* 7 Gray, 550. *Weld* v. *Traip,* 14 Gray, 330. *McGrath* v. *Boston,* 103 Mass. 369.

To the refusal of the court to rule as requested, the defendant had no just ground of exception, nor do we perceive that he had any to the ruling given. This left it to the jury to determine

whether the defendant had elected to continue in possession, after the expiration of one year, under the lease. Upon this question, the facts that, after the expiration of the first year, he continued to occupy the premises, with the building which had been erected by him, that he was not ready then to move, hoping, as he said, to interest New York parties, and that he paid rent subsequently, of all which there was evidence, were competent. If satisfactory to the jury, they were sufficient to entitle them so to hold. Whether either or all of these circumstances, if taken together, are not conclusive, as the defendant contends, is not important, as the jury were not instructed that they were so.

The contention is also that, if still in force, the lease was, as matter of law, affirmatively shown to have been surrendered in September, 1881; and the defendant relies on his statement, then made to the plaintiffs' agent, that he did not wish to keep the premises longer. But he was not entitled, after he had entered upon the additional term, to abandon the premises, and thus absolve himself from the payment of rent, without the assent of the other party. The evidence was uncontradicted that he still continued to occupy the premises with his building; and the only assent to any surrender of which there was evidence was on condition that he would remove his building.

We do not find that any evidence was rejected that should have been admitted. The defendant offered to show that he had not seen the lease. This was in substance an offer to show that, although he had signed the lease, he was ignorant of its contents. It was not pretended that he signed it under any mistake as to what the instrument was, and he cannot be permitted thus to deny a contract which he has made. *Parsons* v. *Gloucester Bank*, 10 Pick. 533.

In order to explain the circumstance that he had permitted his building to remain on the leased land, which tended to show a continued occupation of it after the first year, the defendant had been allowed to testify that he was ignorant that it was thus located; but evidence that he had been told by others than the plaintiffs that it was not on the leased land, was simply hearsay, and was rightly excluded.                    *Exceptions overruled.*