### THOMAS H. CALEY v. JOHN THORNQUIST.[1]

May 22, 1903.

Nos. 13,445—(100).

**Option to Renew Lease.**

A written lease of urban premises for one year contained a provision for its renewal for the term of two years at the option of the lessee. The occupancy of the tenant continued, and the rent was duly paid for two years, which was received without objection. *Held*, that the lease was renewed for the longer period, and could not thereafter be terminated by either party without the consent of the other.

**Construction of Lease—Statute of Frauds.**

Under these circumstances the lease must be regarded as a continuing one for three years from the entry of the tenant upon the premises, and is not within the provision of the statute of frauds, which prohibits oral leases for more than one year. G. S. 1894, § 4215.

**Act of 1901.**

The lease having been executed in 1900, the provisions of Laws 1901, p. 31 (c. 31), cannot be applied in considering its terms, since the rights of the parties had become vested before that act took effect.

Appeal by defendant from an order of the district court for Mille Lacs county, Baxter, J., denying a motion for a new trial. Reversed, and remanded with directions to enter judgment in favor of defendant.

[1] Reported in 94 N. W. 1084.

*Frank T. White,* for appellant.

*Charles Keith,* for respondent.

LOVELY, J.

This action was brought by a landlord against his tenant in justice court for the recovery of a saloon building in the village of Princeton. Restitution was adjudged, from which there was an appeal.

At the trial in the district court it was undisputed that on January 26, 1900, plaintiff rented the premises to defendant for one year commencing February 1, 1900, rent to be paid each month in advance under the terms of a written lease, which contained the following clause:

"It is understood and agreed that the said lessee may renew this lease at its expiration for the term of two years from February 1, 1901, on the same terms herein contained, if lessee so desires."

Defendant went into possession February 1, 1900, and remained therein, paying rent according to its terms, until the 11th of February, 1902, when plaintiff served a notice to quit on or before April 1, following. Defendant continued to pay the rent up to April, 1, 1902, which was accepted by the plaintiff without objection. The facts above set forth were adopted by the trial court in its findings, and as a conclusion of law it was held that plaintiff have restitution of the premises. A motion for a new trial was overruled. Defendant appeals to this court.

The contention of defendant is that the payment of rent after the period of one year, and its acceptance by the plaintiff, conclusively established an exercise of the option to renew for two years, and a waiver by the plaintiff of any future act by him to effectuate his rights in that respect. It is insisted for the plaintiff that, to give the lessee the right to continue for the renewal term provided in the lease, he was required to give actual notice of such intention at or before the end of the first year, or to demand a new lease; but such a notice or demand would have been notice only of the lessee's intention to continue the occupancy upon the same terms as before, and upon sound reason, sanctioned by the

great weight of authority in this country, it must be held that the actual continuance of such occupancy by the tenant for a substantial period after the time to renew was conclusive evidence of his intention to exercise his option, since it was his privilege to have the term expire at the end of three years. Hence only one inference can legally be drawn from his continuance and payment of rent after the year, viz., that he intended to remain on the premises according to the terms of his lease, rather than in defiance of its provisions. Delashman v. Berry, 20 Mich. 292.

The option of defendant having been exercised by his continuance and payment of rent for a year and two months after the termination of the first year, the parties must be treated as if the lease were for three years, with the right of the defendant to surrender at the expiration of the first year. No such surrender was made. If plaintiff continued to receive rent, both parties are estopped from questioning that the lease was a continuous one for the full period to which it is extended by the conduct of the parties, for the contract was entire, and not within the statute of frauds (G. S.1894, § 4215), avoiding oral leases for more than one year. Kimball v. Cross, 136 Mass. 300; Willoughby v. Atkinson, 93 Me. 185, 44 Atl. 612; Long v. Stafford, 103 N. Y. 274, 8 N. E. 522; Ranlet v. Cook, 44 N. H. 512; Kelso v. Kelly, 1 Daly, 419; Montgomery v. Board, 76 Ind. 362. It is not obvious that any distinction can be made between the rights of the parties based upon a difference in the rent after renewal, provided it be paid and accepted according to the terms of the lease. Insurance v. National, 71 Mo. 58.

It is urged in behalf of plaintiff that Laws 1901, p. 31 (c. 31), which provides that

"The holding over and retention of possession of urban real estate, or any interest therein, in this state, by the lessee or tenant thereof, after the expiration of the term of the lease for such urban real estate, * * * shall not constitute by implication or otherwise, a contract or tenancy for the leasing of such urban real estate for any other or greater period than the shortest interval between the times of payment of rents under the terms of such expired lease,"

applies to these parties, and should control their rights in this case; but we are unable to concur in this view, for the statute referred to was not adopted until some time after the expiration of the year. By the implications of law, the renewal of the lease had been legally effected by the election of the lessee to exercise his option, with the concurrence of the lessor therein by receiving the rent without objection. This executed the contract to renew and establish vested rights, which could not be impaired through legislative action.

The disposition we are required to make of this case renders it unnecessary to construe the notice to quit; but see Searle v. Powell, supra, page 278.

The order appealed from is reversed, and the cause remanded, with instructions to the court below to amend its conclusions of law in accordance with the views above expressed, upon which judgment for defendant should be entered.