F. HERMAN QUADE v. OTTO FITZLOFF.[1]

July 22, 1904.

Nos. 13,981—(188).

**Lease—Privilege of Renewal.**
  A written lease for the period of one year at a rental of $25 per month contained the following clause: "Said lease and rental, to commence March 1, 1901, and to terminate March 1, 1902, with the privilege of leasing the same four years longer upon the same terms, at which time the second party agrees to deliver said premises to first party in as good condition as the same are now in, natural usage and damage by the elements only excepted." The lessee remained in possession for several months after March 1, 1902. *Held*, the law implied a contract upon his part to lease the premises for the additional term of four years. Caley v. Thornquist, 89 Minn. 348, followed.

**Statute.**
  Chapter 31, p. 31, Laws 1901, has application only to leases which do not provide for renewal.

Action in the district court for Waseca county to recover $150 for rent due upon a written lease. The case was tried before Buckham, J., who directed a verdict in favor of plaintiff for the amount claimed. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*F. B. Andrews* and *P. McGovern,* for appellant.
*L. D. Rogers* and *John Moonan,* for respondent.

LEWIS, J.

This appeal calls for the construction of a written lease for the period of one year, containing the clause:

> Said lease and rental, to commence March 1, 1901, and to terminate March 1, 1902, with the privilege of leasing the same four years longer upon the same terms, at which time the second party agrees to deliver said premises to first party in as good condition as the same are now in, natural usage and damage by the elements only excepted.

[1] Reported in 100 N. W. 660.

The rental was $25 per month, and the lessee entered into possession, occupied the premises for several months after March 1, 1902, and this action was brought to recover the rent for the subsequent months.

Prior to the enactment of chapter 31, p. 31, Laws 1901, the general rule was that, if a lessee for a definite period remained in possession after the termination of his lease, the law implied a contract upon his part to lease the premises for another term upon the same conditions. As applied to a lease from year to year, see Smith v. Bell, 44 Minn. 524, 47 N. W. 263. The act referred to was intended for the purpose of removing the hardships of this rule as applied to those cases where the parties had not made any provision in the lease with reference to a renewal, but it has no application to cases where the subject of renewal or continuance of the term is covered by the contract. In Stees v. Bergmeier, 91 Minn. 513, 98 N. W. 648, the contract of tenancy was silent on the subject of renewal. This case is governed by Caley v. Thornquist, 89 Minn. 348, 94 N. W. 1084. The language there considered is similar to that in the lease now before this court.

That the lease in question, by its terms, terminated March 1, 1902, is not sufficient to imply that the renewal must be in the form of an express contract. The lessor agreed to lease the premises for another term of four years at the same rental, upon the implied understanding that the lessee accept the proposition at the end of the year. One method of accepting such a proposition is by remaining in possession. The lessee remained in possession for a number of months, and paid the rental, and he thus, under the general rule, signified his acceptance of the offer on the part of the lessor, and the lease became a continuing one from the beginning. In Kramer v. Cook, 7 Gray, 550, it is said that such a provision is not a mere covenant of the lessor for renewal. The agreement itself is, as to the additional term,, a lease de futuro, requiring only the lapse of the preceding term and the election of the lessee to become a lease in præsenti. All that is necessary to its validity is the fact of election. Neither is the rule changed when the second, or renewal, period is for a longer term than that provided in the original lease. Kramer v. Cook, supra; Delashman v. Berry, 20 Mich. 292; Kimball v. Cross, 136 Mass. 300. Caley v. Thornquist, supra

Order affirmed.

DOUGLAS, J. (dissenting).

I am unable to concur in the opinion that the issue presented is controlled by Caley v. Thornquist, 89 Minn. 348, 94 N. W. 1084. The lease in that case for urban premises for one year contained a provision for its renewal for a term of two years at the option of the lessee. After the lessee had remained in possession two years and eleven days, the lessor by notice attempted to terminate the tenancy at the expiration of two years and two months from the date of the original lease. The tenant occupied the premises and paid rent for the period of two years and two months. The court held that chapter 31, p. 31, Laws 1901, did not apply, for the reason that the rights of the parties became vested before its passage, and that the holding of possession by the tenant for the period of one year and eleven days, without objection of the lessor, after the expiration of the term fixed by the lease, implied a renewal to the end of the option period, to wit, for an unexpired term of less than one year. Section 1 of said chapter 31 in part reads:

> The holding over and retention of possession of urban real estate * * * by the lessee * * * after the expiration of the term of the lease * * * without an express contract with the owner thereof, shall not constitute, by implication or otherwise, a contract or tenancy for the leasing of such urban real estate for any other or greater period than the shortest interval between the times of payment of rents under the terms of such expired lease.

In my opinion, this provision applies; but, assuming that it does not, I am unable to reach the conclusion that the bare retention of the premises by a tenant for five or six months after the expiration of a definite term operates to extend the lease the full period of four years, or, in view of the statute of frauds (G. S. 1894, § 4215), for any greater period than one year.