HOTEL ALLEN COMPANY v. ESTATE OF JOHN G. ALLEN.[1]

April 26, 1912.

Nos. 17,677—(63).

**Renewal of sublease — condition.**

Where a lessee of property sublets a portion of the leased premises, and covenants for a renewal thereof on condition that his own lease be renewed, it is not material, in so far as concerns the right of the sublessee to a renewal, whether the original lease be renewed by formal written contract or, be effected by operation of law. If the lessee's term be extended in either manner, the sublessee may demand a renewal of his lease as a matter of strict right.

**Renewal of lease.**

A new lease to the tenant, executed a short time after the expiration of the original lease, which contained a stipulation for a renewal, *held*, on the facts stated in the opinion, in legal effect a renewal, vesting in the sublessee the right to a renewal under the terms of his contract.

**Renewal of sublease — waiver of condition.**

The subtenant continued in possession of the premises under the asserted right of renewal, and paid the rent as stipulated by his contract, which plaintiff accepted and received without objection. *Held* a waiver of compliance with conditions imposed by the contract precedent to the right to demand a renewal.

[1] Reported in 135 N. W. 812.

The Allen Hotel Company appealed to the district court of Hennepin county from an order of the probate court for that county disallowing its claim against the estate of John G. Allen, deceased, for $9,450 rent. The appeal was tried before Booth, J., and a jury which returned a verdict in favor of defendant. From an order denying claimant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Latham, Pidgeon & Larson,* for appellant
*Benton, Molyneaux & Morley,* for respondent.

BROWN, J.

John G. Allen died in January, 1910, and in proceedings for the administration and distribution of his estate the Allen Hotel Company, a corporation, presented a claim to the probate court for rent claimed to be due it from decedent, which was by that court disallowed. The hotel company appealed to the district court, where, after trial before the court and a jury, a verdict was returned against the company, and the company then appealed to this court from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

The facts, as disclosed by the pleadings and evidence, are practically undisputed and as follows:

The First National Bank of Leavenworth, Kansas, owned the ground lease and building, known as the Allen Hotel, in the city of Minneapolis, and on Jaunary 17, 1901, leased the same to J. E. Allen and G. W. Allen for the term of five years commencing April 1, 1901. On December 11, 1902, the lease was by the lessees, G. W. and J. E. Allen, assigned to the Hotel Allen Company, a corporation, plaintiff in this action. Thereafter, and on February 18, 1904, the hotel company sublet to John G. Allen, decedent, two rooms of the hotel for the term expiring April 1, 1906, simultaneously with the expiration of the lease from the Leavenworth bank. The lease from the bank contained a provision granting to the lessees the "option and privilege of a renewal of this lease for a second term of five years" upon the terms and conditions therein prescribed. The sublease from

the hotel company to John G. Allen granted substantially the same option and privilege to the lessee; the language of this option, so far as here pertinent, being as follows:

"With the privilege of renewal for five years, should Hotel Allen Company renew its present lease on the building of which said rooms are a part, the rent in case of a renewal to be subject to an advance in proportion to such advance as the Hotel Allen Company may be compelled to pay in order to secure" its renewal.

The hotel company and decedent took possession of the property as authorized by their leases and continued therein during all the time involved in the action. On March 15, 1906, a short time prior to the expiration of the terms of the leases mentioned, the Leavenworth bank sold, assigned, and transferred all its rights in and to the property to John G. Allen, decedent, J. E. Allen and G. W. Allen, and they have since continued the owners thereof. On the fourteenth of April, 1906, the Allens executed a new lease of the property to the hotel company for the term ending December 31, 1910. At the time of the execution of this lease, decedent John G. Allen, demanded a renewal of his lease under the option granted him by the term of his former lease.

We here reach the pivotal question of the case. If the lease by the Allens, successors in interest of the Leavenworth bank, to the hotel company, was a renewal in legal effect of the former Leavenworth lease, which the hotel company had the right to demand, then that company was bound to renew the decedent's lease. The officers of the hotel company, however, refused to renew it, and informed decedent that if he continued to occupy the premises he would be required to pay rent at the rate of $150 per month. Decedent refused this, but offered to readjust the rent in harmony with any increase of rent the hotel company was required to pay under its new lease. There was no attempt to adjust the matter upon that or any other basis.

Later, and in September, 1906, the hotel company, in writing, notified decedent that from and after October 1 of that year he would be required to pay for the use of the premises occupied by

him the sum of $300 per month. Decedent insisted upon his rights as defined by his written lease, and declined to pay the increased demand. He continued to occupy the premises until the time of his death, some four years, and paid regularly the original rental of $75 per month, which the hotel company accepted without protest, charging, however, upon its books the increased rate. Whether decedent was aware of the conditions of the books in this respect the evidence does not disclose. However, it is claimed that, as he was an officer of the hotel company corporation, he was charged with notice thereof. Upon his death the company presented the claim here in controversy and demanded the allowance thereof against the estate.

When the matter reached the district court, upon the appeal from the order of the probate court disallowing the claim, pleadings were made up pursuant to an order of the court, and upon the trial the cause was sent to the jury upon an issue presented by the complaint, namely, whether decedent wrongfully and fraudulently procured the new lease to the hotel company on April 14, 1906, for the purpose of reviving and vesting in him the right to a renewal of his own lease; the contention being that the first or Leavenworth lease terminated on April 1, and with it the right of renewal in the hotel company, and that since its right of renewal ceased on April 1, decedent's right of renewal, dependent thereon, also was at an end. No claim of this nature is presented on this appeal, and we are not concerned with any question relative to the submission of the case to the jury. We come, then, directly to the questions now urged upon our attention.

It is contended by plaintiff:

1. That the lease from the Leavenworth bank to the Allens, which was by them assigned to the hotel company, by the terms of which the lessees were given an option of a renewal for the further period of five years, terminated April 1, 1906, and was not renewed, or any notice by the hotel company that it intended to exercise the option.

2. That, since decedent's right to a renewal of his lease was con-

ditioned upon a renewal by the hotel company of its lease, the right terminated by the failure of the hotel company to effect its renewal.

3. That in any event plaintiff was entitled to go to the jury upon the question, granting decedent the right to a renewal, whether plaintiff was not entitled to an increase of rent, because of additional payments required by it subsequent to its new lease.

There is no controversy in the evidence, and the case narrows down to a question of law upon the undisputed facts. We are unable, after full consideration of the argument of counsel, to concur in either of plaintiff's contentions.

1. The Leavenworth lease contained the following clause upon the subject of renewal: "Said lessees shall have the option and privilege of a renewal of this lease for a second term of five years upon the same terms and conditions as herein contained, except" a readjustment and revaluation in reference to the rent to be paid, and notice from the lessees six months before the expiration of the lease. This stipulation conferred upon the lessees the right to elect whether a renewal should be made, and an election by them would be final, and require of the lessor to grant the same, provided the conditions imposed were complied with. The lease and all the terms and provisions thereof were binding upon the Allens, who succeeded to the rights of the Leavenworth bank, the lessor, and they were under obligations to perform the same. Leppla v. Mackey, 31 Minn. 75, 16 N. W. 470.

It is well settled in cases of this kind that a renewal of the lease becomes operative and effectual when the lessee claims the right and is permitted to hold over, in which case a formal written renewal is unnecessary. Caley v. Thornquist, 89 Minn. 348, 94 N. W. 1084; Quade v. Fitzloff, 93 Minn. 115, 100 N. W. 660. It is also well settled that the terms and conditions upon which the lessee may demand a renewal may be waived by the parties, and when, without compliance therewith, a new lease is in fact entered into by the parties, or the tenant holds over under claim of a right of renewal, a waiver of precedent conditions follows as a matter of law. 24 Cyc. 1003.

117 M.—22.

In the case at bar the obligations of the parties were clearly defined by the contract, and their acts and conduct thereunder determine their relative rights here in dispute. The contract should not be construed strictly and literally. The purpose of the condition of decedent's lease limiting his right of renewal upon a renewal of the hotel lease was for the protection of the hotel company, and to impose upon it the obligation to renew for decedent, if it was then in a situation to grant the same, and to relieve it therefrom in the event it was not in position to grant the extension. And in measuring the rights and obligations of the parties it would seem immaterial whether there was in form and letter a renewal of the hotel lease, or an entirely new one. It is sufficient that the hotel company was still the lessee of the property and in position to grant the extension to decedent.

But, aside from this, we are clear, on the evidence, that the new lease executed by the Allens to the hotel company on April 14, 1906, was as a matter of law, in so far as concerned the rights of these parties, a renewal of the prior lease, though for a shorter time than the hotel company had the right to insist upon. Hausauer v. Dahlman, 18 App. Div. 475, 45 N. Y. Supp. 1088; 24 Cyc. 997. The contract provided for a renewal for five years, but by the new lease the term was shortened some three or four months by the mutual consent of the parties. The new lease was practically upon the same terms as the prior lease, and imposed no new obligation. This was in legal effect a continuance of the old lease. 24 Cyc. 1020. So, whether the rights of the parties be considered from the standpoint of the hotel company, as lessee in fact, with power to renew, or from the viewpoint that the new lease on April 14 was a renewal, decedent had the right as a matter of law to insist upon a renewal of his lease, and the company was under obligation to grant it.

This conclusion is in no way affected by the additional clause in the new hotel company lease, prohibiting a subletting of the property. All parties to the transaction were bound by the terms of decedent's lease, entitling him to a renewal, and by this clause in the new lease there was no intention to abandon or modify the same.

Decedent at all times insisted upon his rights, continuously occupied the premises under that claim, and paid regularly the rent provided for by the terms of the contract, which the hotel company accepted without protest. This constituted a waiver of compliance with the terms of the contract upon which the right to a renewal depended. It is now too late for the company to contend that it was without power to sublet the premises, or that it was under no obligation to do so because the terms and conditions upon which the right to renew was dependent were not complied with. And though decedent's lease provided for a readjustment of rent in harmony with additional payments required by the hotel company's new lease, if any were imposed, no claims of that kind were urged by the hotel company at the time decedent demanded his renewal. For aught that appears there was no occasion for such a readjustment, for no new obligations were imposed upon the company by the terms of the new lease. In the situation presented the hotel company was bound to treat decedent either as a trespasser, or as holding under his asserted right of renewal.

2. The further contention that plaintiff was entitled to recover a proportionate share of additional taxes and improvements subsequent to the new lease is not sustained. The claim was not presented on the trial below by a request for instructions to the jury or otherwise, and consequently is not now involved in the action.

Order affirmed.