JOHN T. KEAN v. STORY & CLARK PIANO COMPANY.[1]

April 18, 1913.

Nos. 18,125—(197).

**Tenant's option — terms of original lease apply.**

1. Where the lessee has the option to rent for an additional time, but the written lease is silent as to the terms and conditions of the optional tenancy, the terms and conditions of the original letting apply thereto, with the exception of the option provision, and in case of urban property the exercise of the option so given constitutes an express contract, under section 3333, R. L. 1905.

**Waiver of notice by landlord.**

2. Where the exercise of such option is conditioned upon giving notice prior to the expiration of the original term, the notice, being for the sole benefit of the lessor, may be waived by him.

**Same — evidence.**

3. The admitted fact that the lessee held over and for several months paid the rent, which was accepted by the lessor, *held* sufficient to justify the court in holding that the lessee elected to exercise the option and that the lessor waived the notice.

Action in the municipal court of Minneapolis to recover $400 for rent of a store building for the months of June, July, August and September, 1912. The answer alleged defendant occupied the premises for February, March, April and May, 1912, and paid rent therefor; that according to the terms of the lease defendant was required, in case it desired to extend the lease further than the term of one year from February 1, 1911, to give the lessor notice of 30 days prior to the expiration of the lease of its desire so to do; that such notice was never given by defendant, and by the terms of the lease the same terminated on the last day of January, 1912; that on

[1] Reported in 140 N. W. 1031.

Note.—The authorities on the question of holding over after expiration of lease, with option for extension or renewal, without formally exercising option, are discussed in a note in 29 L.R.A.(N.S.) 174.

May 31, 1912, plaintiff accepted possession of the premises. The reply admitted the lease required defendant to give notice of its intention to renew the lease and admitted it did not comply therewith, but alleged defendant held over from February 1, 1912, to May 31, 1912, and paid rent for each of said months; and both plaintiff and defendant waived the giving of such notice. The case was heard upon facts stipulated in open court by Charles L. Smith, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*M. C. Tifft* and *W. B. Anderson,* for appellant.

*Benton, Molyneaux & Morley,* for respondent.

HOLT, J.

A store building in the city of Minneapolis was let by plaintiff to defendant for one year, beginning February 1, 1911, at the monthly rental of $100. The written lease gave the lessee an option for an additional two years' term, if notice thereof was given to the lessor. The controversy here is whether such an extension or additional term was effected. The here material part of the lease appears in these words:

"To have and to hold  *  *  *  for the term of one (1) year from February 1, 1911,  *  *  *  with option on the part of the lessee to rent for two additional years on thirty (30) days' notice given to said lessor prior to expiration of lease."

Defendant remained after the year expired, and paid rent monthly as under the orginial term for four months, but on May 31, 1912, vacated, having given notice 30 days prior thereto of his intention to then terminate his tenancy. This action is for the recovery of the rent for the four subsequent months, on the theory that a leasing for the additional term of two years had taken place. From a judgment for plaintiff, defendant appeals.

It was admitted that defendant entered under the lease set out in the complaint, occupied and paid rent uninterruptedly up to May 31, 1912, when it vacated, having 30 days prior thereto given written notice of its intention so to do; also that defendant did not

give plaintiff any notice prior to February 1, 1912, that it would exercise its option to rent the premises for two additional years. No testimony was offered, but from the admissions mentioned the court found that plaintiff, by receiving the rent after the expiration of the original term, waived the notice for an extension, and that the defendant exercised the option to rent for two additional years by remaining in possession and paying rent. Therefore the only question on this appeal is this: Where the lease gives the lessee the option for an additional term upon giving notice within a specified time of an election to avail himself of the option, may the court find that such notice has been waived and an election accomplished from the fact that the lessee remained in possession and paid rent after the expiration of the original term, which rent was accepted by the lessor?

Such holding over and payment of rent, where section 3333, R. L. 1905, does not apply, unquestionably works a renewal of the lease for another term. Smith v. Bell, 44 Minn. 524, 47 N. W. 263. But this statute was enacted to remove the hardship which frequently followed the application to urban property of the rule that a tenant, by merely retaining possession for however short a period after the expiration of the lease, was bound for another term. Where, however, by the lease itself the lessee is given an option for an additional term, and he does any act indicating that he has availed himself thereof, the relation of landlord and tenant will continue to exist for such additional term. The option given and exercised by the lessee constitutes an express agreement under the statute cited. Quade v. Fitzloff, 93 Minn. 115, 100 N. W. 660. Under this decision it is also clear that no new lease was necessary in this case to create an extension, and although the amount of the rent and its time of payment is not specified for the additional term, the authorities leave no room for doubt that all the terms of the original lease, with the exception of the one in regard to a renewal or extension, apply. Kollock v. Scribner, 98 Wis. 104, 73 N. W. 776.

In the instant case, the option is plainly given; but for its exercise the condition is imposed that a notice of extension must be given the lessor 30 days before the expiration of the original term. It is clear that, while the option is for the sole benefit of the lessee, the

provision in regard to notice is for the sole benefit of the lessor. The uniform holding is that this latter provision may be waived by the lessor (24 Cyc. 1003) although there is some disagreement as to what acts will constitute waiver.

All decisions are in accord that where the lease provides for a higher rental for the additional term or renewal, and there is a holding over with payment and acceptance of such higher rent, this establishes an exercise of the option and a waiver of notice. Kramer v. Cook, 7 Gray (Mass.) 550; Long v. Stafford, 103 N. Y. 274, 8 N. E. 522; Stone v. St. Louis, 155 Mass. 267, 29 N. E. 623. So where there is an untimely service of notice, and a holding over with payment and acceptance of rent, the result is the same. Sheppard v. Rosenkrans, 109 Wis. 58, 85 N. W. 199, 83 Am. St. 886.

Where the same rent obtains under the option for an additional term as under the original letting, the courts are not agreed that a holding over with payment and acceptance of rent creates an additional term. Murtland v. English, 214 Pa. St. 325, 63 Atl. 882, 112 Am. St. 747, 6 Ann. Cas. 339, and Cooper v. Joy, 105 Mich. 374, 63 N. W. 414, hold such evidence not sufficient to prove waiver of notice and election to exercise the option.

But in New York the rule is otherwise. The court, in Probst v. Rochester Steam Laundry Co. 171 N. Y. 584, 64 N. E. 504, says: "The lessor, by accepting the rent from the assignee, waived his rights to require written notice as required by the lease. The assignee [lessee] claimed no right to hold over or to continue in possession except as authorized by the lease." Our previous decisions in Quade v. Fitzloff, supra, and Hotel Allen Co. v. Estate of Allen, 117 Minn. 333, 135 N. W. 812, seem to lead to the view taken by the New York courts.

Both waiver and election are to be determined from the acts of the parties. And therefore, when a lessee, who by his lease has an option for an additional term, holds over and pays rent, although it be the same amount under both the original and additional term, we consider that such acts may more properly be referable to an election to avail himself of the option in the lease than a holding over, which might be characterized as unauthorized, or perhaps wrongful; and

likewise the acceptance of the rent by the lessor may, in view of this option, be treated as an intent to waive the notice he had the right to demand if the lessee desired to remain as a matter of right.

Judgment affirmed.