## L. F. LUTHEY v. ANNA JOYCE.[1]

### May 5, 1916.

### Nos. 19,644—(66).

**Lease — option for additional term — new lease.**

> Under the terms of a written lease which gives the lessee, at the expiration of one year, "the privilege of four more years at his option," a new lease is not required, and the landlord cannot be compelled to execute a lease for the additional time; upon the exercise of the option by the tenant the original lease becomes a lease for the additional term.

Action in the district court for St. Louis county for specific performance of an agreement to execute and deliver a certain lease upon payment to defendant of $25 and the delivery of receipted bills for $100, and to restrain defendant during the term of the lease from occupying the premises described. The case was tried before Ensign, J., who made findings and ordered judgment in favor of defendant. From an order

[1]Reported in 157 N. W. 708.

---

Note.—The effect of holding over after expiration of lease with option for renewal without formally exercising option is discussed in note in 29 L.R.A. (N.S.) 175.

On renewal of lease under option as extending performance of contract see note in 41 L.R.A.(N.S.) 423-425.

denying his motion to amend the findings and conclusions of law and from the judgment entered pursuant to the order for judgment, plaintiff appealed.

Affirmed.

*Archer & Pickering,* for appellant.

*Alford & Hunt,* for respondent.

BUNN, J.

Defendant owns a tract of land in St. Louis county on the shore of Lake Vermilion. October 28, 1912, she executed a written agreement with defendant, by the terms of which she covenanted to lease the premises to him "for a term of one year, at the expiration of which he shall have the privilege of four more years at his option, and at the expiration of that time he shall have an option for five years longer time." Plaintiff went into possession and before the year expired notified defendant in writing that he exercised his option, and requested her to sign a lease for the next four years, which he had prepared. Defendant refused to sign the lease, and this action is to compel her to execute the same, on the theory of specific performance of the agreement giving plaintiff the right to an additional four years at his option. The complaint alleged further that defendant had entered upon and taken possession of a portion of the premises, and threatened to exclude plaintiff and his sublessees and guests therefrom. In addition to demanding that defendant be required to execute and deliver to plaintiff a lease, the complaint asked that she be enjoined from interfering with plaintiff's possession of the premises. The answer admitted that defendant leased the premises to plaintiff for one year, but specifically denied the execution of the agreement before mentioned, a copy of which was attached to the complaint. It denied generally the other allegations of the complaint.

The trial resulted in findings of fact to the effect that the written agreement was entered into; that in reliance thereon plaintiff entered into possession of the premises; that he paid the rent for the first year, and duly notified defendant that he would exercise his option for "the renewal of the term" of said lease for a period of four years, and duly requested defendant to execute a lease of said premises for such further period, which defendant refused to do. As a conclusion of law, it was

determined that defendant was entitled to judgment, and such judgment was ordered to be entered. Plaintiff moved for an additional finding of fact as to the making by him of permanent improvements on the premises of a value to be determined by the court, and also for a modification of the conclusions of law so as to determine that he was entitled to specific performance as prayed in his complaint. This motion was denied, judgment was entered on the decision, and plaintiff appealed therefrom to this court.

It is not clear upon what ground the trial court denied plaintiff relief. Defendant's main argument here is that the agreement cannot be specifically enforced because of its somewhat peculiar provisions as to the rent after the first year. We do not state what these provisions are, as, in the view we take, they are immaterial. We sustain the point made by defendant that she cannot be compelled in this action to do what she has never agreed to do, that is, to execute a new lease. The agreement that she signed was that defendant, at the expiration of the term of one year, "shall have the privilege of four more years at his option." And the agreement contains full provisions for the payment of rent during the years after the first, and is in all respects a complete lease for the additional term. All that was necessary was for the tenant to exercise his option. This he did, and thereupon the agreement became a lease for the four years additional. Tilleny v. Knoblauch, 73 Minn. 108, 75 N. W. 1039. In this case Mr. Justice Canty said: "There is a distinction between a stipulation to renew the lease for an additional term and a stipulation to extend the lease for an additional term. The former requires the making of a new lease; the latter does not. Orton v. Noonan, 27 Wis. 272." The weight of authority supports this view. 2 Tiffany, Landlord & Tenant, 1514, and cases cited; 24 Cyc. 1008, et seq. and cases cited. See also Caley v. Thornquist, 89 Minn. 348, 94 N. W. 1084; Quade v. Fitzloff, 93 Minn. 115, 100 N. W. 660.

This conclusion is decisive of the case. Plaintiff had no need of the relief asked and was not entitled to it. His rights in the premises are controlled by the terms of the written agreement under which he took possession. This agreement is still in force. The allegations in the complaint as to defendant's interference with plaintiff's possession, and as to her threats to take possesion, are not found to be true by the find-

ing, and, as far as we are informed, are not supported by the evidence. As this is an appeal from the judgment, with no motion to amend the findings in this respect, and no motion for a new trial, we are obliged to assume that defendant has not been guilty of and does not threaten any acts that entitled plaintiff to injunctional relief.

Plaintiff makes a claim that the court should have awarded him compensation for improvements placed upon the premises. Manifestly this claim is untenable in view of our decision that plaintiff is entitled to possession for the four years. Under the terms of the lease, plaintiff is compensated for permanent improvements by allowances on the rent.

Judgment affirmed.