## M. JUSTINA SANFORD v. ALFRED A. TUCHELT AND ANOTHER.[1]

June 9, 1916.

Nos. 19,743—(135).

**Lease—construction of clause for renewal—amount of rent.**

The lease under which defendants as lessees occupied certain premises contained a renewal provision. This provision, under the allegations of the complaint, must be construed to give the lessees the right of renewal in case the parties, before the expiration of the original term, should mutually decide and agree upon the monthly rent to be paid during the additional term, and cannot be held to grant the lessees the right of renewal upon the same rent as the original term.

Action in the district court for Ramsey county to recover possession of premises occupied by defendants and $900 damages for their detention, and the rents and profits thereof until entry of final judgment. From an order, Hanft, J., sustaining the demurrer of defendants, plaintiff appealed. Reversed.

*James E. Trask,* for appellant.

*Edwin S. Thompson and Daniel E. Dwyer,* for respondents.

[1]Reported in 158 N. W. 245.

Note.—Upon the question of validity and effect of stipulation or renewal clause in lease, to renew lease on terms to be agreed upon, see note in 32 L.R.A.(N.S.) 201.

Holt, J.

This action is for the restitution of premises alleged to be wrongfully detained by defendants after their tenancy expired. Plaintiff appeals from the order sustaining a demurrer to the complaint.

The lease bears date August 13, 1910, is for the term of five years from its date, at the monthly rental of $150, payable each month in advance, and the premises are designated thus: "All the building known as 349 Wabasha street (St. Paul, Minnesota), and described as a three-story and basement brick building." The lease is incorporated in the complaint. With reference to its origin the allegations are, that defendants presented the typewritten duplicates thereof to the then owners of the premises for execution, but, before signing the same, erasures were made in part of two lines and four lines were inserted with pen and ink. The paragraph wherein occur the erasure and pen and ink interlineations furnishes the only basis for the demurrer. The paragraph relates to a renewal provision. It now has this appearance, viz.:

"And it is further agreed, by and between the parties hereto, that the said lessees shall have the right to renew said lease for the further term of five years from the expiration of this lease during said further term of five years over and above the general taxes thereon for the year 1915, *said term and amount of price per month of building to be then and there decided between the administrator of said estate of David Sanford, Sr., party of the first part and party and parties of the second part,* Alfred A. Tuchelt and F. William Tuchelt, parties of the second part. Should any increase there be, the said lessees to determine said right of renewal on or before August 1st, 1915." [1]

The defendants' contention is that the quoted paragraph gives them the right of renewal upon the original rental, and that such renewal resulted because on July 29, 1915, they gave plaintiff a written notice that they elected to renew the lease for the additional term of five years, and inclosed a check of $150 with the notice stating it to be in full payment for the first month of the new term. This notice is set out in the complaint

[1] The erasures are indicated by the black lines and the interlineations are printed in italics.

and also plaintiff's letter of July 29, 1915, wherein she says: "I cannot accept your money, One Hundred and Fifty Dollars, for rent for 349 Wabasha Street. Will make a new lease for more money if you desire to remain there."

The allegations of the complaint and the appearance of the lease refute defendants' contention. For, when defendants presented their draft of the lease to the owners of the premises for signature, the provision for the same rental, in case defendants elected to renew, was at once rejected and stricken out. Since the parties took pains to strike out the clause providing for the same rental for a renewal as for the original term, it is not permissible by construction to again read the clause into the lease. Such, in effect, would be the result were the argument advanced by defendants held sound, to the effect that the lines interlined with pen and ink, when construed with the parts of the lines through which the pen is drawn, become so vague and meaningless that all thereof from where the erasure begins to the end of the paragraph must be eliminated, thus giving the right of renewal without stating anything with regard to rent, in which case the rent as a matter of law, continues the same as in the original lease. We think the argument unfair and unreasonable in view of what appears upon the face of the lease. Defendants' claim is further refuted by the fact that the parties did insert a provision in respect to the rental for a possible renewal term. This provision, while insufficient in law to be of substantial value, nevertheless expresses what the parties in fact agreed upon in respect to rent for the additional term, and wholly contradicts the claim that either expressly or impliedly the rent was to remain at $150 per month, in case defendants exercised the option given them. We construe the lease as intending to give defendants the right to an additional term for five years upon such monthly rental as might be decided upon between the parties prior to the expiration of the original term, for the lessees were to make their election prior to August 1, 1915.

The complaint shows that the parties at no time prior to the expiration of the original term agreed or decided upon the monthly rental for a renewal term. The proposition of defendants to renew at the same monthly rental, was promptly and firmly rejected. No further attempt to agree upon the rent was made, defendants, evidently, abiding in the belief

that plaintiff had no voice in the matter. The legal result is that defendants' right of possession terminated on August 13, 1915.

The further claim is made by defendants that, having signified an election to take a renewal, they acquired an equitable right of possession as tenants and the amount of rent may be fixed by the court, if the rent of the original term does not govern, or if the parties fail to agree. To this we cannot assent. Courts do not make contracts for parties, nor fix terms in respect to matters which they have specially reserved for their own agreement and determination. If they fail to agree upon an essential term of a contemplated contract, no binding contract can be made. This is not a case where the parties have agreed to submit to the decision of arbitrators, or to fix rent at what other responsible tenants might be willing to pay, or have sanctioned some method of arriving at a determination other than by the concurrence of their individual opinion or judgment.

No authority sustains defendants except a statement in 2 Woods, Landlord & Tenant, page 940, which purports to be based upon Rutgers v. Hunter, 6 Johns. Ch. 215, but the decision does not support the text. There the lease provided that the buildings and improvements made by the lessee should be valued in the manner specified in the lease, and, if the lessor should not abide by and pay the amount of such valuation, he should renew the lease, or redemise the lot, at such rents, and upon such terms, as might be agreed upon by the parties. The lessee refused a redemise upon any terms, and insisted on being paid for the improvements according to the valuation made, the lessor tendered a renewal upon the same rent and terms, except as to the improvements, and it was held that the lessee was bound to accept the renewal. It was therefore not necessary to consider the effect of the words "as might be agreed upon between the parties," for they pertain to the third alternative given, that of a redemise and that the lessee absolutely declined.

In Arnot v. Alexander, 44 Mo. 25, 100 Am. Dec. 252, cited by defendants, there was a covenant for renewal of the term: "Provided said parties can agree upon terms, or that said lessee is willing to give as much as any other responsible party will agree to give." The court held that the last clause left the quantum of rent to be determined as definitely as if left to arbitrators, and called for the rentable market value of the

premises. Here also no effect was attempted to be given to the first part of the quotation.

Coles v. Peck, 96 Ind. 333, 49 Am. Rep: 161, related to the rights of the parties under a renewal covenant wherein provision is made for valuation by arbitrators. And such was also the case in Biddle v. Ramsey, 52 Mo. 153, wherein, moreover, fraud afforded equity a ground for interference.

No time need be spent upon authorities like Creighton v. McKee, 7 Phila. 324, cited by defendants, to the proposition that a covenant giving the lessee the right to renew without stating any terms, the terms of the original lease become the terms for the renewal period, barring the renewal provision. We assume that to be settled law.

Neither is it necessary to discuss the views of Dixon, C. J., in Orton v. Noonan, 27 Wis. 272, since the only point there in controversy, was whether under the renewal covenant the execution of a new lease was necessary. Our own decisions go quite as far in holding that, where the tenant properly exercises the right of election, a new term may be acquired without a new lease being executed. Caley v. Thornquist, 89 Minn. 248, 94 N. W. 1084; Quade v. Fitzloff, 93 Minn. 115, 100 N. W. 660; Hotel Allen Co. v. Allen, 117 Minn. 333, 135 N. W. 812; Kean v. Story & Clark Piano Co. 121 Minn. 198, 140 N. W. 1031.

Other arguments are advanced by defendants for rejecting all the pen and ink interlineations, but they are without merit. It is plain that the one who made the erasures and interlineations was neither careful nor accurate. In one or two instances a word is not the same in each duplicate, and there is apparently an uncalled for repetition of words. In respect to the taxes it may well be claimed that the stipulation is meaningless. But we are of opinion that, upon the here controlling proposition of rent, the provision, as originally written (that the rent during an additional term was to be $150 per month plus the increase in taxes, if any), was stricken, and the parties deliberately substituted an agreement that in case of a renewal they should by mutual negotiation fix and decide upon the rent for such term.

This conclusion renders any further discussion of the case unnecessary.

Order reversed.