## DICKINSON et al. v. ROBINSON et al.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1921.)

No. 1839.

1. **Mines and minerals ⬦75—Provision for arbitration in lease held to apply to differences as to rent for renewal term, as affecting validity of renewal clause.**

   Where an oil and gas lease gave lessee the right of renewal on expiration of the term "at an agreed rental and royalty not less than the annual rent and royalty as reserved by this lease," and also provided that "all questions and differences arising under this lease" should be arbitrated as therein prescribed, the latter provision *held* to apply to any difference which might arise as to the rent and royalty for the renewal term; and to remove any uncertainty as to such rent and royalty which might affect the validity of the renewal clause.

2. **Ejectment ⬦17—Lessor without standing to maintain ejectment against lessee.**

   Where a lessee is in possession with right of renewal, and has given notice of his election to exercise the right, the lessor cannot acquire a right of possession which will qualify him to maintain ejectment against the lessee by refusing to agree on the rental for the renewal term, or to arbitrate the question as required by the lease.

3. **Landlord and tenant ⬦86(2)—Lessee should give notice of election to renew by end of term.**

   A lessee should give notice of his election to renew under the terms of his lease before or at the termination of the original term, though such notice need not be a formal written or even oral communication; but any act, expression, or course of conduct indicating his election to renew is sufficient.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Jeter C. Pritchard and Benjamin F. Keller, Judges.

Ejectment by Willard F. Robinson and the Owens Bottle Machine Company against John Q. Dickinson and J. Q. Dickinson & Co. Judgment for plaintiffs, and defendants bring error. Reversed.

W. E. R. Byrne, of Charleston, W. Va. (R. G. Altizer, of Charleston, W. Va., on the brief), for plaintiffs in error.

Buckner Clay, of Charleston, W. Va. (James F. Brown, of Charleston, W. Va., Brown, Geddes, Schmettau & Williams, of Toledo, Ohio, and Brown, Jackson & Knight and Price, Smith, Spilman & Clay, all of Charleston, W. Va., on the brief), for defendants in error.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WOODS, Circuit Judge. In this action of ejectment for the recovery of 1,318 acres of land, error is assigned in the exclusion of oral testimony offered by the defendants and in the direction of a verdict in favor of the plaintiffs.

Benjamin F. Butler and A. Augustus Low, trustees, being seized as owners of a tract of land containing 8,700 acres, more or less, on January 25, 1893, executed an oil and gas lease covering the entire tract to the Great Kanawha Company. The lease passed by assignment of the lessees to the Eastern Oil Company, November 23, 1893; to the Charleston Natural Gas Company, March 28, 1894; to the defendant John Q. Dickinson, July 1, 1907; to the defendant corporation, J. Q. Dickinson & Co., March 30, 1915. The last assignment, to the defendant J. Q. Dickinson & Co., was acknowledged December 18, 1917, delivered in February, 1918, and recorded December 28, 1918.

Benjamin F. Butler, having become sole trustee, on December 5. 1911, conveyed 1,318 acres, the land here involved, part of the 8,700 acres, to Willard F. Robinson. On April 17, 1917, Robinson executed an oil and gas lease covering the tract of 1,318 acres to the Kanawha Manufacturers' Gas Company. The Kanawha Manufacturers' Gas Company on July 1, 1917, assigned their lease to the Owens Bottle Machine Company. Butler, trustee, conveyed, on November 29, 1902, 1,069.43 of the 8,700 acres to the Marmet Coal Company, and on May 16, 1916, the oil and gas under the remainder to I. G. Sayre, but these two conveyances are not involved.

The sole issue in this case is whether the defendants, under the terms of the senior lease of January 25, 1893, duly assigned to them, are entitled to hold the oil and gas rights against Willard F. Robinson, the owner of the fee under the junior conveyance from Butler of December 5, 1911, and the Owens Bottle Machine Company, Robinson's lessee under his lease of April 1, 1917.

Defendants' lease was for 25 years from January 25, 1893, and it had therefore expired before August 5, 1918, when this action was

commenced. Defendants' claims rest on the alleged exercise of the right of renewal set up under these provisions of the contract:

"It is agreed that this lease shall remain in force for a term of 25 years from this date, and that at the end of said term the party of the second part shall have the privilege of renewing this lease for a further period of 10 years, at an agreed rental and royalty not less than the annual rent and royalty as reserved by this lease to the parties of the first part. * * *

"It is further mutually agreed that all questions and differences arising under this lease between the parties hereto shall be settled by two arbitrators, one of which shall be named by each of the parties hereto, who, in case they fail to agree, shall be at liberty to appoint a third arbitrator, and the decision of such arbitrators shall be final and binding upon the parties in respect of all matters embraced in such arbitration."

The plaintiffs undertake to sustain the judgment on these propositions:

(1) The agreement for renewal is void for uncertainty; a contract at a price to be thereafter agreed on is no contract.

(2) The agreement for arbitration relates to differences as to the duties assumed by the lessees, such as the location of the wells and pipes and interference with the use of the land for other purposes, and not to the terms of the renewal.

(3) If the stipulation as to arbitration can be extended to cover a difference as to the future rental, it is void.

(4) The defendants failed to give the notice requisite to the privilege of renewal.

(5) If the defendants had any right of renewal, it was a mere equity, which could not avail them under the plea of the general issue.

[1] In modern jurisprudence it is elementary that parties to a written contract intend every provision of it to have meaning and force, and the courts will scrutinize, not only the separate provision itself, but connect it with every part of the contract, in the effort to escape the conclusion that it is void for uncertainty. The right of renewal was a part of the lease contract; the difference as to the rent and royalty to be paid on the renewal was a difference arising "under this lease." The provisions quoted, therefore, meant that the renewal was to be on the same terms, except that, if the rent could not be agreed on, it should be fixed by arbitration.

We are unable to discern any principle of law on which the validity of such a contract can be questioned. It may be true that the courts of equity will not specifically enforce an agreement to arbitrate. But the right of either party to demand performance of the contract to arbitrate, and his right to have the court of equity determine that which the other party refuses to have decided by arbitration as agreed, is too firmly established in reason and authority to be questioned. In such a case the substance of the contract is considered to be the sale or lease, and the method of determining the price a mere matter of form which the courts will not allow to destroy the substance. Bristol v. Bristol, etc., Waterworks, 19 R. I. 413, 34 Atl. 359, 32 L. R. A. 740; Domestic Tel. Co. v. Metropolitan Telephone Co., 41 N. J. Eq. 241, 3 Atl. 709; Slade v. City of Lexington, 141 Ky. 214, 132 S. W. 404, 32 L. R. A. (N. S.) 201; Joy v. St. Louis, 138 U. S. 1, 11 Sup.

Ct. 243, 34 L. Ed. 843; Kaufmann v. Liggett, 209 Pa. 87, 58 Atl. 129, 67 L. R. A. 353, 103 Am. St. Rep. 988; Gunton v. Carroll, 101 U. S. 426, 25 L. Ed. 985.

[2] But the plaintiffs contend that, even if this be so, the defendants have no remedy except by bill in equity. It is true that, since the plaintiffs refuse to arbitrate, the defendants cannot ascertain what rent and royalty they are to pay without recourse to the court of equity. But it by no means follows that the plaintiffs can eject the defendants by virtue of their own breach of contract. In ejectment the issue is the right to possession. The utmost that the defendants could be required to do was to give notice of their election to renew, their willingness to pay any rent that could be agreed on, and on failure to agree on the rent to propose arbitration.

It is true there is a difference between the renewal and the continuation of a lease; but there is no reason nor authority for the proposition that a lessee in possession with a right of renewal, who has expressed his election to renew, can be ejected by a lessor on the ground that the lessor himself has breached his contract to renew. In such case the legal right of possession is in the lessee without a new contract. A due expression of his election is equivalent to a new lease in protecting his possession. Note, 123 Am. St. Rep. 465; note, 29 L. R. A. (N. S.) 177; Sanford v. Tuchelt, 133 Minn. 233, 158 N. W. 245: Andrews v. Marshall Creamery Co., 118 Iowa, 595, 92 N. W. 706, 60 L. R. A. 399, 96 Am. St. Rep. 412.

[3] Some authorities maintain that a mere holding over is sufficient expression of the election of the lessee to exercise his right of renewal, without further notice to the lessor. The conflicting cases are cited in notes in 112 Am. St. Rep. 752, 29 L. R. A. (N. S.) 176, and 16 R. C. L. 397. Our view is that the lessee should in some way give notice of his election to renew, before or at the termination of the original term. But the notice need not be a formal written or even an oral communication. Any single act or expression, or any course of conduct, of the lessee, indicating to the lessor or other party interested his election to renew, is sufficient; and the lessor by his words or acts may waive notice of the election of the lessee.

The District Judge did not express the specific ground on which he directed a verdict in favor of the plaintiffs. From the fact that he excluded practically all the evidence offered by defendants tending to show notice to the lessor and his assigns of his election to renew the lease, we infer that he was of the opinion that the stipulation for renewal was invalid. As we have found this conclusion erroneous, it follows that all the evidence offered by defendants tending to show notice, to any of the parties in interest, either from express notice in writing, or from negotiation looking to an agreed rental, or from any other circumstances whatever, and all evidence tending to show the relationship of the parties to each other, was competent, and the District Judge erred in excluding it.

This testimony may be very material in the decision of the question to whom the notice should be given, and hence we leave that question open.

Reversed.